ROBERTS et al. *vs.* THE STATE BANK.

1. Where a notary certified in a protest, as follows : "notices of protest given *to the* drawer and two first endorsers same day" —it was intended, that the notice was in writing, and given personally.

2. The certificate of the President of the Bank, of the indebtedness of defendant, is conclusive as to the right of the bank to sue, and *prima facie* evidence of the genuineness of the signature.

3. It is the duty of the court, and not the province of the jury, to pronounce on the legal validity of written evidence.

4. Where the certificate of the President of the Bank contains no reference to the instrument sued on, other than its amount, it is insufficient to give the court jurisdiction, and too loose and indeterminate to be received.

Error to the Circuit court of Tuscaloosa.

Bank motion, tried by *Chapman,* J.

This was a motion in the court below, by the Bank, against Roberts, as the drawer, and the other defendants, as first and second endorsers of a bill of exchange, for two thousand dollars, drawn by Roberts on Turner & Lewis, and by them accepted. The bill was endorsed by the defendants, John F. Everett and Joseph Bates, jr.

The defendants appeared, and pleaded the general issue, and a jury being empanneled, rendered a verdict in favor of the Bank for two thousand three hundred and twenty dollars—upon which judgment was rendered.

Pending the trial, a bill of exceptions was taken, from which it appears, that the plaintiffs below read to the

court the certificate of the President of the Bank, to show that the bill was the property of the Bank, which is as follows:

"Bank of the State of Alabama, Tuscaloosa, 18th. March, 1839.—I, Hardin Perkins, President of the Bank of the State of Alabama, do hereby certify, that James F. Roberts, Turner & Lewis, John F. Everett and J. Bates, jr. are indebted to the President and Directors of the Bank of the State of Alabama, the sum of two thousand dollars, with interest from the 24th March, 1837; and that this debt is really and *bona fide* the property of the said Bank.                    H. Perkins, President."

The plaintiff below also produced and read in evidence, a protest of a notary public, that the said bill of exchange was duly protested for non-payment; and also the certificate of the notary, that he had given notice to the defendants below of the dishonor of said bill, which certificate is in these words: "notices of protest given to the drawer and two first endorsers same day."

The defendants below objected to the protest and certificate of the notary, as not being sufficient to prove a notice to the drawer and endorsers; and to the certificate of the President of the Bank, as insufficient to show that the bill sued on was the property of the Bank; but the court decided that the protest and certificate were proper evidence for the jury, to consider whether notice was given, and whether the bill was *bona fide* the property of the bank.

The counsel for the defendant also moved for the following charges to the jury:

1. That the notice in a protest, must state the manner

9 P                     40

Roberts et al. *vs.* The State Bank.

in which it was given, and the time when, whether personally or otherwise;

2. That if the certificate is not under the seal of the corporation, then the official identity of the President must be proved, and that the signature is in his hand writing;

3. That the certificate of the President of the Bank, must contain within itself such a description as must identify the particular bill or note;

4. That the introduction of said certificate, not containing within itself a reference to the subject matter of suit, does not become connected with it, merely by the fact of producing it in evidence.

These charges, the court refused to give, and the defendants below excepted. They now assign for error, in this court—

1. The facts stated in the record, do not shew a case in which judgment could be legally rendered;

2. There was no sufficient notice bringing the parties before the court, as authorised by the statute;

3. There is no showing, that the instrument sued on was the property of the Bank;

4. The court below erred, as shewn in the bill of exceptions, and in refusing the charges prayed.

*Porter*, for plaintiffs in error.
*Phelan*, contra.

ORMOND, J.—The charter of the Bank of the State of Alabama, authorises proof to be made of notice of the dishonor of a bill of exchange or promissory note, by the certificate of the notary.

Roberts et al. *vs.* The State Bank.

The provision is in these words: "The protest of a notary public, of an inland bill of exchange,—or other protestable security, the property of said Bank,—setting forth a demand, refusal, non-acceptance or non-payment, and that notice thereof was given either personally or otherwise, to the parties entitled thereto, shall be evidence of such facts: *Provided*, that nothing herein contained, shall be construed to affect the reasonableness or sufficiency of such demand, refusal, non-acceptance or non-payment."

The certificate made by the notary in the protest, is as follows: "notices of protest given to the drawer and two first endorsers same day." The certificate of the notary, that notice of the dishonor of the instrument has been given, is *prima facie* evidence of the facts it recites, and should set them forth with reasonable certainty. There can be no controversy as to the time when the notice was given: it was on the same day that the protest was made, but it is insisted, that it does not appear whether the notice was verbal or in writing; whether the notice was given personally, or left at the house or place of business of the plaintiffs in error. We think, however, that the criticism of the counsel for the bank, on the word "*notices*," is correct: we must intend that the notice was in writing, and given personally; the language will not reasonably admit of any other interpretation. Had he stated that *notice* was given to the parties the same day, there would be great force in the objection, as it would then be uncertain whether the notice was written or verbal, and the statute seems to contemplate that the notary should state in what manner the notice was given,

and if this were not done—but the *result* stated by the notary instead of the *facts*—it would be impossible, in most cases, for the party to contradict it, if untrue.    The employment, by the notary, of the substantive *notices*, shows the character of the notice : we must intend that it was in writing.

In the case of Charles Cullum vs. Denys  Casey *&* Co., at the last term, we held that a certificate of a notary, that a bill was presented for payment " at the place of business " of the drawees, was sufficient, without setting forth where the place of business was.

The first and second assignments of error, question the sufficiency of the notice, and that the facts stated on the record, do not authorise the judgment.    In the case of James Curry vs. The Bank of Mobile, decided at the last term, after a review of all the cases on the subject, we held that, whether the judgment be by default or otherwise, in cases of this summary character, the record must show affirmatively, every fact necessary to give the court jurisdiction, but that when an issue was made up, " the verdict would  ascertain  the defendant's  liability, as in other cases, in suits brought in the ordinary mode ; and that it was unnecessary to encumber the record either with the proof or fact of notice, or of those facts which constitute the liability for the debt.    Should either party desire to reserve the legal sufficiency of the facts, it can be done by bill of exceptions, or by demurrer to the evidence."    This decision was made on great consideration, and we are entirely satisfied with it.    As this case was determined below, on an issue in fact between the parties, those assignments of error cannot be sustained : the

Roberts et al. *vs.* The State Bank.

case must be determined on the points reserved in the bill of exceptions.

But is necessary, in all cases, that the court have jurisdiction; and this fact, the plaintiff must in all cases of this summary character, show affirmatively on the record. The jurisdiction can only be given by the certificate of the President of the Bank, that the debt is really *bona fide* the property of the Bank, and this leads us to the examination of the certificate of the President of the Bank, which is found in the record.

It is insisted, that unless the seal of the corporation be annexed to the President's certificate, that proof must be made of the genuineness of the signature, and that the individual signing it, is the President of the Bank.

The Bank of the State of Alabama is the property of the public;—its President and Directors are appointed by the Legislature: we must therefore judicially take notice who they are, and therefore must judicially know, that Hardin Perkins was at the date of this certificate, President of the Bank.

It is, however, admitted, that it is a much more difficult question, whether the court must be presumed to know his signature; we think, however, that such was the intention of the Legislature. The power to make this certificate, which confers jurisdiction in these summary cases on the court, is given to the President of the Bank—not to the corporation—and therefore, it is not necessary that the certificate should be verified by the seal of the corporation; as therefore this duty is thus cast on him, as a public officer, and as the prosecution of suits on behalf of the Bank, is entrusted to the attorney of the

Bank, who is appointed in pursuance of law, and therefore at least *quasi* a public officer,—we think it reasonable, that the Legislature intended that the certificate of the President of the Bank, thus offered, should be conclusive as to the right of the Bank to sue, and at least *prima facie* evidence of the genuineness of the signature.

But the certificate of the President must, in itself, or by reference to something else thereby adopted as part of it, disclose with reasonable certainty, that the debt proposed to be recovered in this summary mode, is *really and bona fide* the property of the Bank. This has not been done in the certificate produced in this case; it contains no reference to the debt sued on, further than by its amount, and would apply to any debt of the same amount due by the same parties. This is certainly too loose and indeterminate, especially in this summary proceeding, which the defendant cannot question the right of the Bank to institute.

The counsel for the Bank has relied on the case of Walker vs. The Bank of Alabama, (4 Stew. & Por. 215,) as an authority to shew that an allegation in the *notice*, that the instrument sued on was the property of the Bank, would give the court jurisdiction. The language of the court is, " the first assignment of error in this case is a general one, and the third is not sustained by the record—as the allegation in the notice, that the plaintiffs below were the 'holders and owners' of the bill of exchange sued on, is equivalent to alleging that the bill was the property of the Bank."

This case is not correctly reported; the first assignment of error, to which the court refer as too general to

Roberts et al. vs. The State Bank.

be noticed, is omitted in the printed report, as we have ascertained by examining the original record; and what is called the first in the report, is in the record the third assignment.

There is in addition to this, a verbal inaccuracy in the opinion, as is manifest from other parts of it, in this, that it appears to derive the jurisdiction of the court, from an allegation in the *notice*. Such a decision would be at war with all the previous and succeeding decisions on the subject; besides, the judgment of the court, in that case, showed that the certificate of the President was produced, averring that the debt sued on was really and *bona fide* the property of the Bank. The court was therefore correct, in saying that the third assignment of error (which, in the printed report, is put down as the first,) "is not sustained by the record," although a wrong reason appears to be given for it. This inaccuracy doubtless arose from the circumstance, that the controversy in the case was upon the fact of the acceptance of the bill by Walker, and for want of an averment of proof of that fact, the case was reversed.

In this case, the facts are sent up by bill of exceptions, and we have the certificate of the President of the Bank in *hæc verba*. It is, for the reasons given, insufficient to give the court jurisdiction, and for that cause, the judgment of the court below must be reversed, and the cause remanded for further proceedings.

The court also erred, in leaving to the jury the sufficiency of the certificate of the President of the Bank, and the certificate of the notary, that notice had been given to the defendants below. It was both the province

and the duty of the court, to have pronounced the legal validity of the evidence, and not to have left it to the jury.