# REPORTS

OF

## CASES ARGUED AND DETERMINED

### JANUARY TERM, 1840.

---

### BRANCH BANK AT MONTGOMERY v. HARRISON.

1. Notes given in payment for the purchase of Sixteenth Sections carry interest at the rate of six per cent. per annum, until paid, or until judgment is obtained on them, or the contract otherwise changed.

Error to the Circuit Court of Montgomery County.

THIS action was brought in the court below by the defendant in error, to recover of the Bank a sum of money alleged to have been improperly demanded and received by the Bank on a note given for the purchase of a part of a sixteenth section. The note reads thus:

"On or before the 1st day of January, 1838, we promise to pay to the President and Directors of the Branch of the Bank of the State of Alabama at Montgomery, the sum of twenty four hundred and seventy seven dollars twelve and a half cents, payable and negotiable at said Bank, for value received, being part

B

of the proceeds of the sale of the 16th Sec. T. 16, R. 12, and bearing an interest from the 1st January, 1837, at the rate of six per cent. per annum.

RICHARD B. HARRISON,
CHAS. E. LAVENDER,
J. B. WILKINS."

On this note, it appears by the facts agreed that the Bank exacted and received the sum in dispute from the defendant in error, it being the difference between six and eight per cent. per annum interest, after the maturity of the note. The Court rendered judgment against the bank, and from that judgment a writ of error is now prosecuted to this Court.

GOLDTHWAITE, for the plaintiff in error.
DARGAN, contra.

ORMOND, J.—Whether the bank can demand interest at the rate of eight per cent. per annum, after the maturity of a note given on the purchase of a sixteenth section, must depend on the law which authorizes and defines the terms of such sales. The act provides "that the purchaser shall execute his notes for the purchase money, to the Bank, payable in four annual instalments, and that the notes *shall bear interest at the rate of six per cent. per annum from the day of sale.*"

We can see nothing in this act which justifies the construction contended for by the counsel for the bank, that interest at the rate of six per cent. per annum was stipulated for, only to the maturity of the note, and that afterwards, interest at the rate of eight per cent. per annum was recoverable. There is no ambiguity or room for doubt: The language of the act is explicit, that the notes shall bear interest at the rate of six per cent. per annum, from the day of sale. By what authority can this Court interpolate a term into the contract and say that the rate of interest provided by law and agreed on between the parties, shall cease at a particular time, and another be substituted. There can be no difference between this case and a note executed in the same terms by one person to another: in either case, the rate

of interest agreed on must govern until the contract is changed by judgment or otherwise.

The case cited from 9th Wendell's Rep. 471, is not applicable to the facts of this case.   By the law of New York, the banks of that State are allowed to charge but six per cent. per annum on their discounts, and the case referred to merely determines that after a note discounted by a bank matures, the note if not paid, carries the legal rate of interest.   The debt due on a discounted note and the *discount* of the note are things entirely dissimilar; and a law applying to one, cannot with any propriety be held applicable to the other.

Let the judgment be affirmed.