Dunn v. Adams, Parmeter & Co.

---

## DUNN v. ADAMS, PARMETER & Co.

1. An indorsement of a promissory note made in the State of Georgia, must be governed by the law of that State.
2. As by the common law, promissory notes were negotiable, the presumption arises, in the absence of proof, that the common law has not been altered by statute, and that a promissory note made in the State of Georgia, is a negotiable instrument.
3. But as promissory notes were not required, when dishonored, to be protested, at common law, it cannot be presumed, in the absence of proof of a change of the common law in the State of Georgia, that promissory notes are protestable in that State; and therefore, the protest of a notary public is not evidence.
4. The recital of a notary public, that he had " given due notice by notice addressed to the party, by the first mail to Lafayette, Chambers county, Alabama," is *prima facie* sufficient evidence under the statute of notice.
5. The official acts of a notary, are authenticated by his seal, without further proof.

Error to the Circuit Court of Chambers County.

ASSUMPSIT by the defendant in error, against the plaintiff in error, on the indorsement of two promissory notes, made and indorsed at Augusta, in the State of Georgia, and negotiable and payable, at the Branch Bank at Eatonton, in that State

The declaration is in the usual form against an indorser of a promissory note, negotiable by the law merchant; and avers a presentment for payment at the bank where the note was payable, on the last day of grace, a refusal to pay, and that notice of the dishonor of the note, was given on the same day, to the defendant. To this declaration, there was a demurrer, which being overruled by the court, the defendant took issue.

The plaintiffs below, to prove non payment of the note, demand and notice, introduced and read in evidence, the protest of a notary public of the town of Eatonton, setting forth a demand and refusal to pay, and a certificate of notice as follows: "Of the non payment of said original promissory note, I gave to the bearer of said note, due written notice in form; and to the first indorser (Uriah Dunn) due notice, by notice addressed to him by first mail, to Lafayette, Chambers county, Alabama; second indorsers due notice, addressed to them by first mail, to Augusta, Georgia."

To the introduction of this protest and notice, the defendant objected, on the ground, first—that the notary states, that he had "given due notice by notice," &c. when he should have stated the facts, or what acts he did, that the court might judge whether it was due notice or not.

Second—that there was no evidence before the court, that the individual whose name was signed to said statement, was a notary public of the State of Georgia.

And thirdly—that it could not be read till proved.

The court overruled this objection to the testimony, and permitted it to be read to the jury; to which the defendant below excepted; and now assigns for error, the matters of law arising out of the bill exceptions, and the overruling the demurrer to the declaration.

CAMPBELL, for the plaintiff in error.

ORMOND, J.—The question raised by the demurrer to the declaration, is, whether an action can be maintained, by the indorsee of a promissory note, payable and negotiable at a bank

beyond the limits of the State, against the indorser, without bringing suit against the maker to the first court of the county in which he resides, to which suit can be brought; the indorsement having been made beyond the limits of the State.

This contract was made in the State of Georgia, and by the law of that State, must the rights of the parties to it be ascertained. There is no proof what the law of Georgia is, or whether there has been by statute, any change of the common law, which we judicially know obtains in all the States of the Union; and in the absence of such proof, we will presume that the common law prevails.

Though some doubt was at one time thrown over the question, by the scruples of Lord Holt, it is now generally conceded, that promissory notes were negotiable at common law; such being the case, and presuming as we must, that such is the law of the State of Georgia, the declaration which treats this note as an instrument negotiable by the law merchant, is correct, and the demurrer to it, was correctly overruled.

The questions arising out of the bill of exceptions, relate to the sufficiency of the proof.

The declaration avers a presentment for payment, at the bank where the note was payable, on the last day of grace; that payment was refused; and that the defendant on the same day, had notice of these facts.

To prove this, the protest of a notary public was offered, which if properly received, established the allegations in the declaration.

By an act of the Legislature of this State, (Aik. Dig. 327) it is provided, that the protest of a notary public which shall set forth a demand, refusal, non acceptance, or non payment, of any inland bill of exchange, or other *protestable security*, for money or other thing, and that legal notice, expressing in the said protest, the time when given of such fact or facts, was personally, or through the post office, given to any of the parties entitled by law to notice, shall be evidence of the facts it purports to con-

67

tain, and entitle the holder of such security, to the damages to which by law, he may be entitled."

Whether the protest of the notary will prove the averment in the declaration of demand of payment, refusal, and notice, must depend on the fact, whether this note is a "*protestable securi-ty,*" by the law of Georgia. Assuming as we do, that it is there, as at common law, negotiable, it does not follow that it is *protes-table,* as it had not that quality at common law. Notes made in this State, payable in bank, are *protestable,* by the statute. Whether they are so or not in Georgia, we are not informed; and in the absence of proof of any such law, the presumption must be, that they are not. Such being the aspect of the case, it follows, that the protest of the notary was incompetent evidence to establish the facts recited in it; and it should have been rejected.

As the case must be remanded, it is proper to say, that if the protest could have been received, the statement of the notary, that he had given notice to the defendant, was sufficient. On the authority of the cases of Curry v. The Bank of Mobile, (8 Porter 360) and Roberts v. The State Bank, (9 Porter 312) no proof was necessary of the official character of the notary. By the customary law of nations, as well as by the law merchant, the official acts of a notary public, are authenticated by his seal.

Let the judgment be reversed and the cause remanded.