LESTER v. THE BANK OF MOBILE.

1. Where the record in a suit by motion recites " that the certificate of William R. Hallett, its president was produced, &c." and no objection is made in the Court below to the testimony by which the fact is established, it will in this Court be sufficient, as it is not necessary that the Court should recite the evidence by which a fact is ascertained.

2. A note discounted by the Bank after its maturity carries the legal rate of interest.

Error to the County Court of Mobile.

Lester v. The Bank of Mobile.

MOTION by the Bank against the defendant, as indorser of a promissory note for $2,627, dated 28th March, 1842, payable four months after date, negotiable and payable at the Bank of Mobile.  The judgment entry, after reciting the notice, proceeds, and the said President, Directors, &c., here produces, and shows, the certificate of William R. Hallett, its President, that the said debt is really, and *bona fide,* the property of the said Bank; and it appearing to the satisfaction of the Court, that ten days notice of this motion has been given to the said Jonah D. Lester, and he saying nothing in bar or preclusion, &c., it is therefore considered, &c.

The defendant prosecutes this writ, and assigns for error—

1. That it was not proved that William R. Hallett was the President of the Bank, or that he signed the certificate, that the debt was the property of the Bank.

2. That judgment was rendered for the amount of the note and eight per cent. interest, instead of six per cent., as allowed by the charter.

The plaintiff in error filed a written argument, in which he relied upon the case of The Planters' and M. Bank v. Crawford, 6 Ala. Rep. 289.

PHILLIPS, contra.

ORMOND, J.—In Roberts v. The State Bank, 9 Porter, 312, we held, that the Courts would judicially notice who was the President of the State Bank, without proof of his signature; but in Crawford v. the Branch Bank at Mobile, at the last term, it was determined, that it was different where the officer certifying the debt, was only President *pro tem.*, in which event, proof would be necessary of his power to do the act.  So, also, in the case of Crawford v. The Planters' and M. Bank, 6 Ala. Rep. 289, we held such proof necessary, because the Bank was not a public institution, but a mere private corporation.

In all these cases, the objection for the defect of proof, was made in the Court below, and there held to be unnecessary. In this case, no such objection was made, but the record recites, that "the President, &c., here produces, and shows to the Court, the certificate of William R. Hallett, its President, that the said debt," &c.  Now, this is a direct affirmation, by the Court, of the existence of a fact in the cause—that Hallett is

the President of the Bank, and it has never been required, that the evidence by which the existence of a fact was established to the satisfaction of the Court, should be set out in the record. If the party against whom it is offered, supposes the evidence to be insufficient, he may have it spread upon the record, by bill of exceptions, and thus raise the question of the sufficiency of the testimony, to establish the fact.

In the leading case upon this subject, Logwood v. The Huntsville Bank, Minor's Rep. 23, it was held to be insufficient for the Court to certify, that the party had been *duly* notified; but it had always been considered sufficient for the Court to certify, that it appeared to the satisfaction of the Court, that ten days notice had been given of the intended motion, and it never has been considered necessary, that the record should disclose the testimony, by which the fact of notice was established. In the cases previously cited, the *result* of the proof was stated upon the record, instead of stating the *fact* itself which was proved. In this case, if we give credence to the record, it does appear, that Mr. Hallett was shown to be the President of the Bank.

The second assignment of error supposes, that a note discounted by the Bank, carries but six per cent. interest, after its maturity. The discount of the note, and the debt evidenced by the note, are things entirely dissimilar. The sum discounted from the note, when it is taken by the Bank, is deducted from the amount due, and the residue paid over. This discount, by the terms of the charter, cannot exceed *six per cent. per annum,* and at that rate for a shorter time. If the note is not paid at maturity, it becomes a debt due the Bank, and the statute operating upon it, regulates the rate of interest. There can be no doubt that the debt carries the legal rate of interest. The law was so decided by the Supreme Court of New York, 9 Wendell, 471, which is recognized by this Court in the Branch Bank v. Harrison, 1 Ala. Rep. 9.

Let the judgment be affirmed.