## KITCHEN ET AL. v. THE BR. BANK AT MOBILE.

1. A note discounted by the bank, carries interest at the rate of eight *per cent. per annum* after its maturity.
2. An agreement entered into by the bank, to receive payment by instalments of twenty per cent. annually, but without consideration, has no effect upon the rate of interest, which by law the note bears after maturity.

Writ of Error to the Circuit Court of Mobile.   Before the Hon. J. Bragg.

THE defendants in error moved the circuit court for judgment against the plaintiffs, on a promissory note made by them, bearing date the 5th of January, 1843, for the sum of $8,900, due at six months.   An issue was made up, and submitted to a jury, and in the progress of the trial, a bill of exceptions was sealed by the presiding judge, which shows that the note was discounted by the bank, and about the time, or shortly after the note was taken, the plaintiffs in error made an agreement with the defendants, by which twenty per cent. on the amount of the note should be paid annually, which had been done until a short time before the issuance of the notice.   But the witness that proved this contract, also proved that there was no new consideration for the contract.

The defendants requested the court to charge the jury,

that if they believed the note was a discounted note, the plaintiffs could not recover more than seven per cent. interest, up to the period of time when the defendants made default in their contract. This charge was refused by the court, and this refusal is assigned as error.

HALL & STEWART, for plaintiffs in error.

TAYLOR, contra.

DARGAN, J.—The only question is, what interest did the debt bear, after the expiration of six months, when the note, by its terms, fell due? The bank, by its charter, is authorized to discount notes expressly made payable and negotiable at the bank, at a rate of interest not exceeding six per cent. per annum; notes having from six to nine months to run, at the rate of seven per cent. per annum; and notes having from nine to twelve months to run, at the rate of eight per cent. per annum. The rate at which the bank is authorized to discount, depends on the time the note has to run before maturity. If not as much as six months, then the rate of discount is six per cent.; if over six months, and less than nine, the rate of discount is seven per cent.; and if the note has from nine to twelve months to run, then the rate of discount is eight per cent. But neither the charter of the bank, nor any statute, prescribes the rate of interest the debts due to the bank shall bear, after default in payment at maturity; and in the absence of any statute specifying the interest that the debts over due belonging to the bank shall bear, they  must all be governed by the general interest law of the state, and all bear eight per cent. per annum. Otherwise, the defaulting debtors of the bank would pay different rates of interest, which we cannot suppose was intended by the legislature, in regulating the rates at which notes before maturity, should be discounted. In New York, it was held that a note discounted by a bank at six per cent., being the rate allowed, at which the bank might discount, bore interest after its maturity, according to the general law regulating interest; and the interest that the bank was authorized to demand after the contract was broken, was not influenced by the rate at which the bank was authorized to discount notes. 9 Wend.

Rep. 471; and the case of the Br. Bank at Montgomery v. Harrison, 1 Ala. Rep. 9, so far from conflicting with the principle decided in the case referred to in Wendell, recognizes it as the correct rule.

The note made by the plaintiffs in error, after maturity, bears eight per cent. interest. But it is urged that the agreement proved, that the debt should be paid by the plaintiffs by instalments of twenty per cent., varies the rate of interest, and that the note would only bear seven per cent. interest until default made, in the agreement to pay the instalments of twenty per cent. per annum. If the agreement was binding on the bank, as it did not attempt to regulate the interest the note should bear after maturity, it could have no influence on the interest; for a contract to extend a debt due, and to receive payment by instalments, cannot be considered as the discount of a note, or reduce the rate of interest that a debt over due bears, to the rate at which the bank is authorized to discount notes. There is no error in the judgment, and it is consequently affirmed.