HENRY F. EATON *vs.* FREDERIC BOISSONNAULT.

Washington.   Decided December 17, 1877.

*Interest.*

A note payable at a future day with interest greater or less than six per cent, in which nothing is said about the rate of interest after maturity, will draw the stipulated rate till maturity only, and after that the usual or statutory rate of six per cent.

When it is expressly stated in a note that if it is not paid at maturity, it shall thereafter bear interest at a rate named, the rate named is recoverable, although it is much larger than the usual or statutory rate.

When a note is made payable at a future day, with interest at the rate of three per cent per annum, and nothing is said therein about the rate of interest which it shall draw thereafter, if not paid at maturity, it will draw the interest named till maturity, and after that the usual or statutory rate.

A note payable at a future day, with interest at two per cent a month, in which nothing is said about the rate of interest after maturity, will draw that rate of interest till the note matures, and after that only the usual or statutory rate.

ON EXCEPTIONS.

WRIT OF ENTRY on a mortgage given to secure six similar notes payable in six successive years, the first of which was of the following tenor :   "$252.60.   Calais, October 8, 1869.   One year from date, for value received, I promise to pay Henry F. Eaton

or order two hundred and fifty-two dollars and sixty cents, with interest at eight per cent, payable annually. (Signed) Frederic Boissonnault. Witness, S. H. Hutchings."

The defendant was defaulted; and the plaintiff moved that the conditional judgment should be rendered for the amount of the notes secured by the mortgage with interest at eight per cent per annum from the date to which it is paid to the date of the judgment, deducting the payments indorsed thereon. But the presiding justice ruled that interest should be cast at eight per cent only to the day of the maturity of each note, and thereafter at six per cent; and the plaintiff alleged exceptions.

*E. B. Harvey,* for the plaintiff.

*C. B. Rounds & N. M. McKusick,* for the defendant.

WALTON, J. The question is what rate of interest shall be allowed on notes after they have matured.

When it is expressly stated in a note that if it is not paid at maturity, it shall thereafter bear interest at a rate named, the rate named is recoverable, although it is much larger than the usual or statutory rate. So held in *Capen* v. *Crowell,* 66 Maine, 282.

When a note is made payable at a future day, with interest at the rate of three per cent per annum, and nothing is said therein about the rate of interest which it shall draw thereafter, if not paid at maturity, it will draw the interest named till maturity, and after that the usual or statutory rate. So held in *Ludwick* v. *Huntzinger,* 5 Watts & Serg. 51.

A note payable at a future day, with interest at two per cent a month, in which nothing is said about the rate of interest after maturity, will draw that rate of interest till the note matures, and after that only the usual or statutory rate. So held in *Brewster* v. *Wakefield,* 22 Howard, 118, and in *Burnhisel* v. *Firman,* 22 Wall. 170.

The same rule was acted upon in the house of lords in England in a recent case. *Cook* v. *Fowler,* L. R. 7 H. L. 27.

The reason given by Lord Selborne, in the case last cited, is that interest for the delay of payment, *post diem,* is not given on the principle of implied contract, but as damages for a breach of

contract; that while it might be reasonable, under some circumstances, and the debtor might be very willing to pay five per cent per month for a very short time, it would by no means follow that it would be reasonable, or that the debtor would be willing to pay, at the same rate, if, for some unforeseen cause, payment of the note should be delayed a considerable length of time.

Similar views were expressed by Chief Justice Taney, in *Brewster* v. *Wakefield*, 22 Howard, 118. He says that when the note is entirely silent as to the rate of interest thereafter, if it is not paid at maturity, the creditor is entitled to interest after that time by operation of law and not by virtue of any promise which the debtor has made; that if the right to interest depended upon the contract, the holder would be entitled to no interest whatever after the day of payment.

In a recent case in Massachusetts, the court held that when a recovery is had upon a note bearing ten per cent interest, the plaintiff is entitled to interest at the same rate till the time of verdict. *Brannon* v. *Hursell*, 112 Mass. 63. The reason given is that "the plaintiff recovers interest, both before and after the note matures, by virtue of the contract, as an incident or part of the debt, and is entitled to the rate fixed by the contract." This reasoning is at variance with the reasoning in the house of lords in the case cited; and with the reasoning of the supreme court of the United States, in the cases cited; and with the reasoning of the Massachusetts court itself, in *Ayer* v. *Tilden*, 15 Gray, 178. It is there said that the interest after maturity "is not a sum due by the contract; that it is given as damages for the breach of the contract, and must follow the rule in force within the jurisdiction where judgment is recovered."

We think the rule laid down by the supreme court of the United States, and by the house of lords in England, is the correct one. It has been followed in Connecticut. *Hubbard* v. *Callahan*, 42 Conn. 524. And in Rhode Island. *Pierce* v. *Swanpoint Cemetery*, 10 R. I. 227. In the last case the court say that if the parties to the note or other contract for the payment of money, intend that it shall carry the stipulated rate of

interest till paid, they can easily entitle themselves to it, by saying so, in so many words. The practice in this state has been in accordance with the rule laid down by the supreme court of the United States, in *Brewster* v. *Wakefield,* 22 Howard, 118; and we see no reason for departing from it.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.