BORDERS v. BARBER, *Administrator, Appellant.*

1. **Depositions** : COMMISSIONS, HOW ADDRESSED. Commissions to take depositions need not, under our statutes, be addressed to any particular officer or place.

2. ———: OFFICIAL CHARACTER AND VENUE OF OFFICER. Where the official character of the officer certifying to depositions and the venue of his office appear with reasonable certainty from his certificate and the caption read together, it is sufficient in that regard.

3. ———: CAPTION: NOTICE: VARIANCE. Where the caption to the deposition of a witness showed that it was taken between the hours of 9 a. m. and 4 p. m., and the notice designated between the hours of 8 a. m. and 6 p. m. of the same day: *Held*, the variance was immaterial, in the absence of any pretense that the deposition was taken at an unseasonable hour within the time prescribed, or that the opposite party was hindered in making a cross-examination, had he desired to do so.

4. ———: RETURN OF: CLERICAL ERRORS: JUDICIAL DISCRETION. The trial court may, in its judicial discretion, order a deposition to be returned to the officer before whom it was taken, for the correction of clerical or formal errors made by him.

5. ———: WHEN NOT ADMISSIBLE IN ANOTHER SUIT. Where the parties and issues in two suits are not the same, depositions taken in one cannot be read in evidence on the trial of the other.

6. **Interest**: RATE AFTER MATURITY. Where a note stipulates simply for the payment of interest at ten per cent from date, it will, also, bear the same rate after maturity.

*Appeal from Bollinger Circuit Court.*—Hon. J. H. NICHOLSON, Judge.

AFFIRMED.

*Cahoon & Whybark* for appellant.

The refusal of the court below to sustain defendant's motions to suppress the depositions of Samuel Frazier, and their admission for plaintiff are manifest errors for which alone the cause should be reversed. *McLean v. Thorp,* 4 Mo. 257; R. S. 1879, §§ 2152, 2153; *Ober v. Pratte,* 1 Mo. 80; *Leak v. Elliot,* 4 Mo. 446; *Riggin v. Collier,* 6 Mo. 568; *Hite v. Lenhart,* 7 Mo. 22; *Cox v. St. Louis,* 15 Mo. 431; *Mooncy v. Kennett,* 19 Mo. 551; *Charlotte v. Chouteau,* 25 Mo. 465. The court should have permitted defendant to prove by Ezekiel Barber that the note and mortgage were given by James Barber to Ritchey to cover money and property which he was from time to time to furnish Barber, and anything he received from Barber was to be credited on the note, and that Barber did not get all the money at once. R. S. 1879, § 3565; *Waldheir v. Railroad Co.,* 71 Mo. 514; *Price v. Railroad Co.,* 72 Mo. 414; *Ferris v. Thaw,* 72 Mo. 446; *Chambers v. Meyer,* 68 Mo. 626; *Wells v. Sharp,* 57 Mo. 56. The court should have permitted defendant to show the bad character of Samuel Frazier, whose deposition had been read. The impeaching witnesses Yount, Kimminger and Biffle were competent under the facts of the case. 1 Wharton on Ev., § 563. The deposition of Luke White, taken in the case of *Neece et al. v. Borders et al.* should have been admitted, the issues in that suit and the one on trial as to fraud being the same, and the plaintiff having had an opportunity to cross-examine the witness when his deposition was taken. *Jaccard v. Anderson,* 37 Mo. 91; *Adams v. Raigner,* 69 Mo. 363; *Breeden v. Fenert,* 70 Mo. 624. Plaintiff's tenth instruction was wrong; it directed a verdict on the plaintiff's showing only, and was

not cured by those given for defendant. *Goetz v. Railroad Co.*, 50 Mo. 473; *Thomas v. Babb*, 45 Mo. 384; *Modisett v. McPike*, 74 Mo. 636. The instruction was wrong also in requiring the interest to be computed at ten per cent from its date until the date of the trial, a period of nearly five years after the note became due. After maturity the note drew interest at six per cent. *Brewster v. Wakefield*, 22 How. 118; *Holden v. Trust Co.*, 100 U. S. 72; *Burnhisel v. Firman*, 22 Wall. 170; 3 Parsons on Cont., pp. 104, 105.

*Johnson & Nalle* for respondents.

The court committed no error in the matter of the depositions of Samuel Frazier. The assignment of a note carries with it all of the securities, equities, etc., and so the assigning of the mortgage and debt evidenced, thereby carries with it the note, and as the assignments are in writing, it makes no difference that they are upon the mortgage, the note or a separate paper. *Laburge v. Chorin*, 2 Mo. 179; *Anderson v. Baumgather*, 27 Mo. 80; *Mitchell v. Ladew*, 36 Mo. 527; *Chapell v Allen*, 38 Mo. 213; *Potter v. Stevens*, 40 Mo. 219; *Kansas City S. A. v. Martin*, 61 Mo. 435; *Logan v. Smith*, 62 Mo. 455; *Picket v. Jones*, 63 Mo. 195. The court below was correct in excluding evidence offered by appellant to show that the note and mortgage were given to secure future advances, there was no such issue. R. S. 1879, § 3527; *Pier v. Hennaheffental*, 52 Mo. 333; *Weil v. Poston*, 77 Mo. 284, and authorities there cited. The ruling of the circuit court, in excluding depositions taken in another action when the parties and issues were all different, is correct. The rule given by the court as to the computation of interest on the note, was the correct one.

PHILIPS, C.—This is an action to recover judgment on a note executed by James Barber to William Ritchey, and to foreclose a mortgage given by said Ritchey to secure the payment of said note. The petition alleged the assignment

of said note by Ritchey to plaintiff for value, in the usual course of trade before its maturity. The note was non-negotiable. James Barber having died, the suit was revived against the defendant as his administrator.

The answer admitted the execution of the note and mortgage; but put in issue the assignment of the note and mortgage to plaintiff and denied that any part of the note was unpaid. It further pleaded that the said James Barber had sold and delivered to said Ritchey certain goods, and performed certain work for him, in payment of said note, the aggregate amount whereof was more than sufficient to satisfy the note; that this occurred while said James held the note and the same should have been credited thereon. It was further alleged that the plaintiff took said note with notice, etc.; and the note was transferred to him under a collusive arrangement between the said Ritchey and plaintiff to defraud Ritchey's creditors. The reply put in issue the new matter set out in the answer; and, also, alleged a general settlement between said Ritchey and James Barber, touching all dealings between them, covering the matters pleaded in the answer, and that on said settlement James Barber owed a balance to Ritchey which he then promised pay. On a trial had before a jury and preliminary thereto, many questions arose which will be noticed in their proper order in the opinion. The plaintiff recovered for the full amount of the note upon which the court proceeded to render judgment and to foreclose the mortgage. From that judgment the defendant prosecutes this appeal.

I. The first error assigned for a reversal of the judgment is, the refusal of the court to suppress certain depositions taken on behalf of plaintiff. These depositions were taken at Sparta in Randolph county, Illinois, at different dates and under commissions issued out of the clerk's office of the Bollinger circuit court. Objection was made to the commissions because they were directed to no particular officer or place. The commissions are addressed " to

any judge, notary public, justice of the peace or other judicial officer of the state of Illinois, or to any —— greet-- ing." We think the commission was well directed under the last clause of section 2133, Revised Statutes, 1879. It authorized the notary public to take a deposition provided he was a notary public of the state of Illinois. Section 2152 of said statute makes the certificate of such notary "in his official character accompanied by his seal of office * * sufficient evidence of the authentication of such deposition." Objection is made to the certificate because it showed the notary was merely a notary "of Sparta" or "in Sparta." The criticism is, that it does not appear what Sparta is, whether it is a town or city. This is hypercritical. The whole paper, the caption and certificate, should be read in connection, and if from the whole the official character of the certifying officer, as also the venue, can be ascertained to a reasonable certainty this will suffice. Weeks' L. Dep., § 351. The caption states that the witnesses came before "me, R. J. Goddard, as notary public in Sparta, in and for said Randolph county, state of Illinois." The certificate recites, "I, Reuben J. Goddard, as notary public of Sparta, in and for Randolph county, state of Illinois, and *ex-officio* commissioner to take depositions under and by virtue of the annexed commission do hereby certify," etc. And it is so signed. It is manifest that the words "of Sparta" indicate merely the residence of the notary while the words : "In and for the county of Randolph" as clearly point the venue where his official acts are authorized.

In respect to the deposition of the witness, Frazier, as it was originally filed in the clerk's office, the caption showed that it was taken between the hours of "9 a. m., and 4 p. m.," whereas the notice designated between "8 a. m., and 6 p. m." This variance was not material. In the case of *Kean v. Newell*, 1 Mo. 754, the notice was to take the deposition between 10 and 6, whereas the certificate showed that it was taken between 8 and 6. This was bad for the

reason that the deposition may have been taken within hours outside of those prescribed in the notice. The certificate to Frazier's deposition shows it to have been taken within the hours designated. There being no pretense that the deposition was taken at an unseasonable hour within the time prescribed, or that defendant was hindered in making a cross-examination, had he desired to so do, the deposition should not have been suppressed for the discrepancy. *Waddingham v. Gamble*, 4 Mo. 465; *Moss v. Booth*, 34 Mo. 316; *Scharfenburg v. Bishop*, 35 Ia. 60. It appears also that the word "touching" was omitted from the notary's certificate where it should have occurred in the following clause: "Who was sworn to testify the whole truth of his knowledge touching the matter in controversy." This was a mere clerical omission, and the absence of the word did not impair the certificate. The statute requires that the certificate shall show that the witness subscribed and swore to his examination. R. S., § 2151. The certificate in question clearly enough showed that the witness was sworn, and that he subscribed to the examination. That was sufficient.

The next objection to the certificate is, that the official seal of the notary was not affixed. This was material. The record shows that on motion to suppress, made by defendant, the court found the above enumerated omissions in the certificate, and thereupon directed the clerk of the court to return the depositions to the notary for correction, as the facts might be. This was done. The notary corrected the hours, as stated in the original certificate, so as to conform to those named in the notice, and inserted the word "touching," where it was omitted, and after affixing his seal of office, certified to the changes made, and returned the deposition to the clerk. At the next term of court the defendant filed a motion to suppress the deposition, based upon the omissions in the original certificate, and alleging the irregularity of the action of the court in permitting the deposition to be withdrawn from the files as aforesaid. This

motion the court overruled.    Was this action of the court
in having the clerk so return the deposition for correction
such irregularity as to justify or require the suppression of
the deposition ?    It is true there is nothing in the statute
either providing for such action or prohibiting it.    In the
administration of justice by the courts of general jurisdic-
tion, there is necessarily much in the course of procedure
left to a wise discretion of the trial judge.    That of course
must be a judicial discretion, and exercised always in the fur-
therance of justice.    The officer taking this deposition was
acting under and by virtue of a commission issued from
the court.    He was, therefore, *pro hac vice*, an officer of the
court.    Where the omission, as in this care, is merely one
of form in neglecting to affix the seal, I can see no valid
objection to the course taken by the judge in this instance.
In the chancery practice when the mode of taking the depo-
sition under commission was not pursued, the rule was to
return the commission for rectification.    *Gates v. Beecher*, 3
T. & C. (N. Y.) 404.    In *Calmes v. Stone*, 7 La. An. 133,
objection was made to the deposition on the ground that
the commission was not properly authenticated by the gov-
ernor of Mississippi, where the deposition was taken.    The
plaintiff obtained leave of the court, and withdrew the pa-
pers and sent them to the governor, who authenticated them
properly.    The court refused to suppress on account of the
alleged irregularity.    In *Leatherberry v. Radcliffe*, 5 Cranch
C. C. 550, the party taking the depositions withdrew them
from the files in order to have the magistrate who certified
them amend his certificate.    The defendant's counsel did
not except to this action at the time, (nor did the defendant
in this case).    The court declined to suppress it.    It has
been repeatedly held, under statutes directing a particular
mode of sealing and transmitting to the clerk depositions,
that, although this law has not been strictly conformed to,
the deposition ought not to be suppressed.

The governing principle in such cases seems to be this :
If the court is satisfied that the substance of the deposi-

tion is intact, that the paper has not been tampered with in any particular, to the detriment of the adverse party, it should be admitted. Weeks' L. Dep., 418; *Van Sickle v. Gibson*, 40 Mich. 170; *Nelson v. Woodruff*, 1 Black 156; *Goff v. Goff*, 1 Pick. 475. In *Dailey v. Green*, 15 Pa. St. 118, the deposition, in violation of an express rule of court, was taken out of the prothonotary's office and carried out of the county. The court refused to suppress it. In answer to the suggestion of counsel that this practice ought not to be countenanced on account of its liability to abuse, and the officer taking the deposition being beyond the jurisdiction of the court, so that he could not be dealt with for falsifying his certificate, it may be said the same objec-tions would lie against the first taking. The safeguard the opposite party has in the first instance, is the notice the law requires he should receive, the right and the opportunity to be present and to watch the officer, and the right to bring before the court where the deposition is offered, any question touching its irregularity or integrity. So here, the action taken by the court in ordering the deposition returned was in open court, when the defendant was present. He had notice and opportunity to detect any improper action of the notary. But all the notary did in this case that was material was to affix his seal. All he did was formal, in no manner affecting the evidence, or any valuable right of the defendant. Under such circumstances, we do not think the discretion of the court was unsoundly exercised. This is a practice not to be too frequently indulged, and the trial courts cannot be too cautious and circumspect in guarding it. The objections made to the other depositions are of little merit, and are covered by the principles applied to the Frazier deposition.

II. On the trial the defendant offered in evidence the deposition of one Luke White, taken in the cause of one *Joseph C. Neece v. James J. Borders*, (the plaintiff here) and *St. Louis Life Ins. Co. et al.*, defendants, theretofore pending in the Bollinger circuit court Notice of intention to offer

said deposition in this cause was timely given by defendant. The court, on objection of plaintiff, refused to admit this deposition. This action of the court is assigned for error. While it cannot be maintained, in admitting depositions taken to be used in another trial, that complete mutuality is required, as in the case of judgments, yet the general rule so far applies that the issues in both cases must be the same. I know of no authority, entitled to recognition for the admission of a deposition taken in a suit between A. and B., against B. in a subsequent suit of B. against C., where B. is claiming no right or succession under the suit between him and A., and where C. is in no wise in privity with either party to the action of B. against A. *Parsons v. Parsons*, 45 Mo. 266; *Adams v. Raigner*, 69 Mo. 363; Weeks' Law Dep., § 471. It is true that the deposition of White bore upon a question at issue in this action, but the issues in the two suits were not by any means the same, and the parties are not the same. The deposition was properly excluded.

III. Complaint is made of the following instructions given on behalf of plaintiff:

" The court instructs the jury, that if they find from the evidence that the plaintiff is entitled to recover upon the note in controversy in manner and form as he has charged in his petition, then the jury should assess his damages in the amount due on the note in controversy, with interest thereon at the rate of ten per cent. per annum from date, to-wit: From September 25th, 1870, up to date."

The following is a copy of the note : "On or before the 1st day of October, 1875, I promise to pay to Wm. Ritchey the sum of $500, for value received, bearing interest at ten per cent from date. This 25th day of September, 1870.                    JAMES BARBER."

It is apparent from the amount found by the jury that they computed interest on the note at the rate of ten per cent per annum from its date to the day of the verdict.

Appellant contends that, inasmuch as the note does not expressly stipulate for any rate of interest after maturity, as by the employment of some such term " until paid," only the statutory rate of six per cent 'is recoverable after maturity. This position it must be admitted is supported by authorities of great weight. *Brewster v. Wakefield*, 22 How. (U. S.) 118; *Burnhisel v. Firman*, 22 Wall. 170; *Holden v. Trust Co.*, 100 U. S. 72; *Eaton v. Boissonnault*, 67 Me. 540; *Ludwick v. Huntzinger*, 5 Watts & Serg. 51; *Pierce v. Swanpoint Cemetery*, 10 R. I. 227; *Macomber v. Dunham*, 8 Wend. 550; *Clay v. Drake*, Minor (Ala.) 164; *Kitchen v. Branch Bank Mobile*, 14 Ala. 233 and, perhaps, other cases. The leading opinion among these is, that of *Brewster v. Wakefield*, 22 How., delivered by Taney, C. J. The argument is that under the statute fixing a conventional and uniform rate of interest, a special contract in writing is necessary to entitle the payee to a higher rate than the uniform statutory rate. The debtor agrees to pay the higher or conventional rate from date to a fixed time, *i. e.*, until maturity. His contract does not extend beyond this fixed period. Therefore, the creditor, although entitled by the special contract to the higher rate up to maturity of the principal debt, has no contract for interest beyond that time. For interest beyond that time he can look only to the law which gives him six per cent, the uniform rate.

We should feel great diffidence, if not embarrassment, in opposing our opinion to so eminent a jurist, as well as to others who have followed him, if unsupported by the most cogent reasons and high authorities. The following cases support with emphatic announcement the opposite view: *Brannon v. Pursell*, 112 Mass. 63, 71; *Beckwith v. Trustees*, 29 Conn. 269; 33 Conn. 431; *Overton v. Bolton*, 9 Heisk. (Tenn.) 762; *Pridgen v. Andrews*, 7 Tex. 461; *Hopkins v. Crittenden*, 10 Tex. 189; *Cox v. Smith*, 1 Nev. 171; *Spencer v. Maxfield*, 16 Wis. 178; *Pruyn v. Milwaukee*, 18 Wis. 367; *Etnyre v. McDaniel*, 28 Ill. 201; *Kilgore v. Powers*, 5 Blackf. 22; *Thompson v. Pickel*, 20 Ia. 400; *Kohler v. Smith*, 2 Cal.

597.    These cases, I think, stand on a rock.    Interest is a compensation for the use of money, for its detention. Under the statute, if the contract be silent, six per cent is given arbitrarily.    When the parties do not rely on the statute, but make their own contract for the use of the money loaned, and stipulate that the lender from the day he takes it, shall pay ten per cent interest, the common sense of this contract is, that so long as the borrower has the use he will pay the stipulated rate of interest.    By fixing a time of payment for principal and interest the borrower is protected against any earlier demand from the lender.    If he does not see fit to hunt up the payee or apply at the place of payment, if any be designated, and offer to pay at maturity, it should be treated by the lender as an election on the part of the debtor to continue the contract. He should not upon the clearest principles of equity be permitted to turn his default and his creditors' indulgence to his own advantage.

Such, I am satisfied, is the common understanding and usage in commercial circles in this State.    Such too was the view expressed by a majority of this court in *Payne v. Clark*, 23 Mo. 259.    I am further persuaded of the correctness of this construction from another provision of our statute.    By section 2725, Revised Statutes 1879, it is provided that all judgments and orders for money upon contracts bearing more than six per cent interest, shall bear the same rate of interest borne by such contracts.    This note is a contract.    The statute says the judgment shall bear the same rate of interest called for in the note.    It is a method of ascertaining the damage for the detention of the money after judgment.    It would be singular to have, between the maturity of the note and the rendition of the judgment, a rate of interest different from that expressed in the contract, the note, and after judgment the rate designated in the note.

IV.    Appellant has suggested other errors.    We have given them deserved consideration.    They are without im-

portance.   The defendant contested the action on every conceivable point of attack, but was beaten on the merits.

The judgment of the circuit court must, therefore, be affirmed.   All concur.