[No. 1547.]

THE FLORENCE OIL AND REFINING CO. V. REEVES.

1. PRACTICE—DEPOSITIONS—AMENDMENTS.

It is within the discretion of the court to permit a deposition to be returned to the notary before whom taken for amendment, and to permit its amendment so as to show that the person taking and certifying it was a duly qualified and acting notary public.

2. PRACTICE—DEPOSITIONS—OBJECTIONS—WAIVER.

Where a deposition was sent up with the papers on appeal from county to district court and filed with the papers in the district court, it is too late to object to the method of taking the deposition after the commencement of the trial in the district court.

3. PRACTICE—DEPOSITIONS—APPEALS.

Depositions taken and used in the trial of a cause in the county court may be used in the trial of the same cause on appeal to district court.

4. CONTRACTS—DAMAGE—DELAY.

A party to a contract does not waive his right to claim damage for delay, caused by change of place of performance, by failing to object to the change.

*Appeal from the District Court of Fremont County.*

Mr. JAMES T. LOCKE, for appellant.

Mr. LEE CHAMPION, for appellee.

WILSON, J.

The plaintiff doing business in Alliance, Ohio, contracted with the defendant company, a corporation organized and doing business in Colorado, to construct and erect for it at Leadville, Colorado, a steel oil tank of certain dimensions for which defendant was to pay him the sum of $1,250, together with certain additional sums for the transportation of men employed in the erection of said tank, from Chicago to Leadville, and certain freight charges on material and tools. The contract was alleged to have been entered into on April 4, 1894, and on May 21, 1894, the plaintiff shipped the materials

necessary for the construction of the tank from Alliance to Leadville, but soon thereafter received a notice from defendant that it had concluded not to erect the tank at Leadville. On November 8, following, defendant notified him that it would erect the tank at Florence, Colorado. In pursuance of this notice and contract, plaintiff furnished material and erected the tank at Florence, completing and delivering the same to defendant on December 15, 1894. This suit was. brought to recover an unpaid balance of the money due to plaintiff under the contract, and also for the sum of $31.95, damages occasioned to him by defendant's delay. Suit was commenced in the county court, all of the facts recited were alleged in the complaint, and the defendant answered with a general denial. On behalf of plaintiff, the deposition of George Reeves was taken on a dedimus issued to David Fording, as a notary public at Alliance, Ohio. Upon the return of the dedimus a motion was made to suppress it, because the commissioner had not signed and certified it as a notary public. The motion was sustained, and the court thereupon ordered, at the instance of plaintiff, the defendant making no objection thereto, that the deposition and the dedimus be returned to Fording, with directions that he correct his certificate so as to show, if the same be true, "that he is a duly qualified and acting notary public." This was done, and thereafter the deposition was duly returned to the court, properly corrected by a certificate attached to it showing the necessary authority. Upon trial in the county court, judgment was in favor of plaintiff, and defendant appealed to the district court. When the case came up for trial in the latter court, plaintiff offered to read this deposition of George Reeves, to which defendant objected because this was a trial *de novo*, and the deposition had not been taken under any authority issued from the district court, but under a dedimus issued from the county court; also because the attempted amendment and correction thereof, as done under the order of the county court, were improper, and that the deposition was therefore inadmissible. The objection was overruled,

the deposition was read, and the defendant offering no testimony in its behalf, judgment was again rendered in favor of plaintiff for the full amount claimed.

There is no express provision of code or statute which authorizes the return of a deposition for amendment, or for its amendment, and neither is there any provision inhibiting this. In the absence of statute, therefore, the usual rule will prevail, which is that it is within the discretionary power of the court to permit the return of depositions and their amendment, where as in this case, the defect or omission was in a matter of form, and did not go to the substance or contents of the deposition. *Borders v. Barber*, 81 Mo. 642; *Donahue v. Roberts*, 19 Fed. Rep. 863; *American Pub. Co. v. C. E. Mayne Co.*, 34 Pac. Rep. (Utah) 247; *Coal Co. v. Maxwell*, 20 Fed. Rep. 187; Weeks on Depositions, § 321. In any event, however, the objection of defendant came too late. . Under section 353 of the code it is required that all objections, exceptions and motions in respect to depositions should be made and disposed of before trial. This deposition was on file in the district court, having been sent up from the county court with the transcript of record, papers, etc., in this cause, and if defendant desired to attack it, either by a motion to suppress or otherwise, it was its duty to do so before the commencement of the trial. By failing so to do, it waived any rights of attack which it might have had. *Cowan v. Cowan*, 16 Colo. 338.

Defendant urges, however, that the deposition was not a deposition taken under the authority of the district court, and hence could not be used in a trial therein. In other words, it claims that although the deposition might have been perfectly good in the county court, yet upon appeal to the district court, the statute providing that all trials upon appeal shall be *de novo*, the deposition became of no effect, and it was the duty of plaintiff to have sued out another dedimus, and taken another deposition. This is certainly a novel suggestion, but we do not think it can be sustained, either upon reason or authority. Certainly not upon authority, because

we are not cited to, and our investigation fails to discover, any case in which the question was ever raised or considered. When appealed the case did not become a new suit. It was the same suit instituted and determined in the county court. The trial only was to be *de novo*. Upon appeal of a cause from the county court to the district court, the clerk or judge of the former is required to file in the office of the latter, "all the original process, pleadings and other papers relating to the suit and filed in such county court, together with a transcript of all the entries made on the records of said court relating to said cause." This deposition was certainly a paper relating to the suit, and it was filed in the county court, and if it was required to be filed in the district court, it would seem to reasonably follow that it was for the purpose of permitting it to be used in the trial of the suit, as much so as the complaint or answer or any other paper, subject of course to be attacked for any irregularity, the same as it could have been attacked in the county court. In the absence of any statutory requirement, we are not prepared to hold that litigants must go to the extraordinary expense upon appeal to the district court of taking all the depositions of witnesses which were taken and used under authority of the county court.

The last objection urged by defendant is that the complaint of plaintiff wherein it attempts to set up a second cause of action, does not state facts sufficient to constitute a cause of action, and in support of this urges that it does not appear from the complaint that the plaintiff ever made any objection to the change in the place for the erection of the tank, or the delay consequent upon such change. By reason of this it contends that plaintiff is estopped from saying that the contract had not been performed according to its terms. We do not understand that the facts of this case bring it within this rule of contracts. Until after the delay had occurred, plaintiff could not estimate what damage it would occasion to him, and possibly might be unable to determine whether any damage would result. The institution of this suit for damages

caused by the delay was a sufficient objection, if one was needed. The plaintiff had a right to hold the defendant responsible for any additional expense or loss which he might have incurred by reason of its breach of contract, and in order to avail himself of this right, he was not required to assert it in any particular time. At least it would seem that he should not be so required before a final settlement was had or attempted under the contract, and no such settlement had been had in this instance, because plaintiff was suing in the same action for a part of the original contract price. The breach of contract relied upon as occasioning the damage was the delay, not the change of place of erection of the tank. Damage on this account would have resulted if after the delay plaintiff had finally been directed to erect the tank at Leadville. There was no necessity therefore of plaintiff making any objection to the change of location in order to preserve any of his rights.

The objections of defendant are without merit, and the judgment will be affirmed.

*Affirmed.*