### SELDEN BRECK CONSTRUCTION CO. v. REGENTS OF UNIVERSITY OF MICHIGAN.

(District Court, E. D. Michigan, S. D.    August 15, 1921.)

No. 6280.

1. Contracts ⊙⟞299 (2) —Provision for extension of building contract held not to exempt owner from liability for breach causing delay.

   A provision of a contract for construction of a building to be completed by a time fixed, that, should the contractor be delayed in the prosecution of the work through the owner or other contractors employed by it, the time of completion should be extended for a period equivalent to the time lost provided a claim therefor was presented by the contractor within 48 hours of the occurrence of such delay, held for the benefit of the contractor and not to exempt the owner from liability for damages resulting to the contractor from its breaches of the contract by which the work was seriously delayed.

2. Contracts ⊙⟞299 (2) —Building contractor not required to abandon contract because of breach by owner causing delay.

   On breach of a building contract by the owner which delays the contractor in his work, the latter is not obliged to abandon such work, but may elect to continue with it, and on performance on his part is entitled to recover his damages sustained as a result of the delay.

3. Contracts ⊙⟞305 (1) —Acceptance of extension by building contractor not waiver of right to damages for breach causing delay.

   Acceptance by a contractor for a building of an extension of time for its completion, and completion within such time, held not a waiver of the right to recover damages for breaches by the owner causing the delay.

At Law. Action by the Selden Breck Construction Company against the Regents of the University of Michigan. On demurrer to declaration. Overruled.

Stellwagen, MacKay & Wade, of Detroit, Mich., for plaintiff.
Beaumont, Smith & Harris, of Detroit, Mich., for defendant.

⊙⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TUTTLE, District Judge.   This cause is now before the court on demurrer to the declaration.

The action is trespass on the case on promises, and was brought to recover damages alleged to have been sustained by the plaintiff, a Missouri corporation, by reason of a breach by the defendant, a Michigan corporation, of a certain contract entered into between the parties hereto, for the furnishing by the plaintiff of labor and material for the construction of a library building for the defendant to be erected upon the campus of the University of Michigan, at Ann Arbor, Mich., which is under the control of the defendant board of regents.   The damages claimed by plaintiff, which exceed the necessary jurisdictional amount, are alleged to have been caused by delays to which the plaintiff was subjected in completing its work under the contract as a result of the failure of defendant to perform certain of its duties under such contract.

The declaration alleges that it was provided in said contract that the work thereunder should be done in accordance with certain drawings and specifications and certain "General Conditions" therein declared to be a part of said specifications, all of which were to be prepared and furnished by a certain architect; that it was further provided that plaintiff was to have possession of the building then existing, with the exception of the stacks, by March 1, 1917, so that plaintiff could commence operations on that date and could complete the entire work by January 1, 1918, the date agreed on for such completion; that defendant appointed the said architect as its agent for the purpose of supervising the construction of said building, passing on the workmanship thereof, and furnishing architects' certificates upon completion of various portions of the building; that in accordance with the terms of said contract, and with the usage and custom pertaining thereto, it was the duty of said architect to furnish to the plaintiff, drawings, details, and information covering certain parts of the work, in order that plaintiff might furnish the same to its subcontractors and proceed promptly with the work according to the contract; that it was of the very essence of said contract that all details and information should be furnished by said architect to plaintiff promptly and without delay, for the reason that the cost of labor and building material was constantly increasing during the period of the war, and that only by the erection of said building as quickly as possible and in strict accordance with the terms of said contract could plaintiff avert serious losses, that defendant failed to deliver possession of the aforesaid building by March 1, 1917, as it had agreed, and did not deliver such possession until the middle of July, 1917, so that plaintiff was unable to commence erection of the new building, according to its contract, until the latter time; that the defendant and its agent, the said architect, in violation of said contract, neglected to furnish to plaintiff the necessary details and information covering work on various sections of the said new building, although often requested so to do; that by reason of the breach by the defendant of the said contract in the respects mentioned, plaintiff was compelled to release its subcontractors from their agreements covering the furnishing of labor and material, and to secure such work

from them and from others at a greatly advanced cost, due to the increased cost of building and material at the later period, and that as a further result of such breach of contract, plaintiff was unable to complete said building until several months after the date provided by said contract for such completion, and at a cost greatly in excess of the contract price; and that thereby plaintiff has sustained loss in the sum of $150,000.

The demurrer is based upon the following grounds: (1) That the contract contained an express provision for an extension of time for the completion of the contract by the plaintiff, if it should be delayed by the defendant, and that the effect of such provision was to exclude any right on the part of the plaintiff to recover pecuniary damages by reason of such delay; (2) that it appears from the declaration that, notwithstanding any claimed delay or default on the part of defendant, the plaintiff thereafter proceeded with, and completed, its work under the contract, and that therefore plaintiff waived any right which it may have had to recover damages because of any such delay by the defendant; and (3) that it appears from the declaration that plaintiff accepted an extension of the time within which it was required to finish its work, and that the completion of such work within the time so extended was in lieu of any claims for damages. These defenses will be considered in the order named.

[1] 1. Section 46 of the General Conditions forming part of the contract provides as follows:

"The owner is not to be held responsible for any damage incurred by the contractor through the fault of any other contractor employed by the owner. Should the contractor be delayed in the prosecution of the work by reason of the above cause, or through the owner, the time of completion shall be extended for a period equivalent to the time lost, which period shall be determined by the architect, but no such allowance shall be made unless a claim therefor is presented in writing to the architect within forty-eight hours of the occurrence of such delay."

The contention of defendant that this provision limits and measures the extent of the rights and remedy of the plaintiff in the event of delay occasioned through the fault of the defendant and deprives the plaintiff of the right to recover damages caused through such delay cannot, in my opinion, be sustained. In the absence of an express stipulation relieving the defendant from liability for damages caused by its breach of this contract, it would, of course, be liable therefor. The language of the provision thus invoked and relied upon by defendant as a basis for exemption from such liability certainly does not in terms provide for such exemption, and to have that effect a meaning must be read into it which is not expressed in the words used. There seems to be no ambiguity in this language. It merely provides that if the plaintiff be delayed through the fault of any other contractor employed by the defendant, or through the defendant, "the time of completion shall be extended for a period equivalent to the time lost." The "time of completion" is obviously the period of time referred to in the clause of the contract, copy of which is attached to the declaration, providing that the plaintiff "is to complete the entire

work upon or before January 1, 1918." The purpose, then, of the condition invoked by defendant, is, manifestly, to relieve the plaintiff from the consequences of a failure on its part to complete its work by the date mentioned, if such failure be caused by the fault of the defendant, by allowing to the plaintiff an extension of the time of completion for a period "equivalent to the time lost by reason of such fault of defendant." That this was intended to be an allowance to, and not a limitation upon, the plaintiff, is further indicated by the concluding clause in this section providing that such an "allowance" will not "be made" unless a claim therefor is presented within the time therein specified.

Although some authority is cited apparently to the contrary, I am unable to accept the reasoning or agree with the conclusion involved in the theory of the defendant in support of this contention. I am satisfied that the provision in question, properly construed, was intended to, and does, create an exemption in favor of the plaintiff, and not of the defendant, and that to interpret it otherwise would be to import into it a meaning which the parties thereto have not themselves expressed. Nelson v. Pickwick Associated Co., 30 Ill. App. 333; W. H. Stubbings Co. v. World's Columbian Exposition Co., 110 Ill. App. 210; Del Genovese v. Third Avenue R. R. Co., 13 App. Div. 412, 43 N. Y. Supp. 8; Id., 162 N. Y. 614, 57 N. E. 1108.

[2] 2. It is further urged by defendant that the act of plaintiff in proceeding with, and completing, its work under the contract after the alleged breach thereof by defendant, operated as a waiver of any right to recover damages caused by such breach. I cannot agree with this contention. Consideration of the subject satisfies me that the correct rule is that upon breach of a building contract by the failure of the owner to perform his obligations under such contract, which delays the contractor in completing his work thereunder, the latter is not obliged to abandon such work, but may elect to continue therewith after such breach and, upon performance of the contract on his part, is entitled to recover the damages sustained by him as a result of the delay caused by such owner. W. H. Stubbings Co. v. World's Columbian Exposition Co., supra; Allamon v. Albany, 43 Barb. (N. Y.) 33; Florence Oil & Refining Co. v. Reeves, 13 Colo. App. 95, 56 Pac. 674; 9 Corpus Juris, 793.

[3] 3. The claim by defendant that the acceptance by the plaintiff of an extension of the time within which it was bound by the contract to finish its work, and the completion by plaintiff of the building within the time so extended, operated to deprive the plaintiff of any right to recover damages resulting from the alleged breach by defendant, if such claim be intended to be separate from, and in addition to, the contentions already considered, is disposed of by the conclusions reached with respect to such contentions, as hereinbefore indicated. The considerations pointed out in that connection are equally applicable and controlling, in principle, here; from which it results that the demurrer must be overruled.