## PRUYN vs. THE CITY OF MILWAUKEE.

City bonds conditioned for the payment of the principal on a specified day, "together with interest thereon at ten per cent. per annum, payable annually on presentation of the annexed warrants," continue to draw interest at ten per cent. after default in payment of the principal,—that being a higher rate than that fixed by law in the absence of any special contract.

The case not distinguishable from *Spencer v. Maxfield*, 16 Wis., 178, 541.

APPEAL from the Circuit Court for *Milwaukee* County.

On the 12th of November, 1850, the *City of Milwaukee* issued sundry bonds for $1000 each, payable in the city of New York on the 12th of November, 1860, "together with interest thereon at the rate of ten per cent. per annum, payable annually on the presentation of the annexed warrants." This action was brought in 1863 to recover the principal of several of such bonds belonging to the plaintiff, and also the amount of the interest warrant attached to each for the interest payable November 12th, 1860; and the plaintiff claimed interest upon the face of the bonds at ten per cent., and interest upon the coupons at seven per cent., from the date last mentioned. There was an answer to the complaint. Upon the trial, the defendant requested the court to instruct the jury that in any event the plaintiff could only recover interest upon the bonds at the rate of seven per cent. from the maturity thereof; but the court refused this instruction, and directed the jury, if they believed the evidence, to return a verdict for the full amount claimed by the plaintiff; and such a verdict was returned, and judgment entered upon it; from which the defendant appealed.

*Jas. G. Jenkins,* City Attorney, for appellant, asked the court to review the decision in *Spencer v. Maxfield,* 16 Wis., 178, and cited in opposition to the doctrine there held, *Macomber v. Dunham,* 8 Wend., 550; *U. S. Bank v. Chapin,* 9 id., 471; *Ludwick v. Huntzinger,* 5 Watts & Serg., 51; *Clay v. Drake,* Minor (Ala.), 164; *Kitchen v. Branch Bank at Mobile,* 14 Ala., 233; *Henry v. Thompson,* Minor, 209; *Fisher v. Bidwell,* 27 Conn., 363; *Brewster v. Wakefield,* 22 How. (U. S.), 125. 2. Counsel contended that the language of the bonds in this case was such as to show it to have been the intention of the parties that the rate of interest stipulated should cease on the maturity of the bonds. A separate, independent note or warrant was given for each annual installment of interest, and the interest was payable only " on the presentation of the annexed warrants." Being only so payable, it is manifest that that rate of interest was intended to continue only for the term for which the interest warrants were executed.

*Cary & Pratt,* for respondent.

*By the Court,* COLE, J. The question presented in this case has already been decided against the appellant in *Spencer v. Maxfield,* 16 Wis., 188. And in the opinion filed by Mr. Justice PAINE on the motion for a rehearing which was made in that cause, a number of cases are cited which show that the decision of this court was not altogether wanting in authority to support it. The cases of *Miller v. Burroughs,* 4 Johns. Ch., 436, and *Van Buren v. Van Grosbeck,* 4 Cowen, 496, which were referred to by the counsel for the respondent on the argument, likewise sustain it. But it is not now proposed to enter into any discussion of the question decided in that case. It is true we have reviewed that decision, and see no reason for changing the views there expressed.

An effort was made to distinguish this case from that of *Spencer v. Maxfield,* so as to take it out of the rule there laid down. Such effort was unsuccessful, as no distinction in princi-

ple can possibly be made in the cases. It is said that the bonds in this case were made payable on a specified day, " together with interest thereon at the rate of ten per cent. per annum, payable annually on the presentation of the annexed warrants," and that this language manifests an intention of the parties that the rate of interest stipulated should cease on the maturity of the bond. We confess we are unable to discover any such intention or design, express or implied, in this language. By the clause in the bond above cited, the parties provided for the payment of interest *annually* at the rate specified, on presentation of the coupons. Quite likely the parties expected that the bond would be paid at maturity. But if it were not so paid, we have no manner of doubt but it was expected and intended that the bond should draw interest at ten per cent. until paid. We are unable to place any other construction upon the contract.

The judgment of the circuit court is affirmed.