## KOSHKONONG *v.* BURTON.

1. The Statute of Limitations of Wisconsin applies to the coupons of a municipal bond, whether they be detached from it or not, and begins to run from the time they respectively mature.
2. The legislature has the constitutional power to provide that existing causes of action shall be barred, unless, within a shorter period than that prescribed when they arose, suits to enforce them be brought, if a reasonable time is given by the new law before the bar takes effect.
3. The right to interest upon interest, whether arising upon an express or an implied agreement, if allowed by the statutes then in force, cannot be impaired by subsequent legislation declaring their true intent and meaning. Such legislation can only be applied to future transactions.

ERROR to the Circuit Court of the United States for the Western District of Wisconsin.

· The facts are stated in the opinion of the court.

*Mr. L. B. Caswell* for the plaintiff in error.

*Mr. John A. Sleeper* and *Mr. Henry K. Whiton, contra.*

MR. JUSTICE HARLAN delivered the opinion of the court.

The object of this action, which was commenced on the twelfth day of May, 1880, is to recover the amount due on bonds, with interest coupons attached, issued on the first day of January, 1857, by the town of Koshkonong, a municipal corporation of Wisconsin, pursuant to authority conferred by an act of the legislature of that State. They were made payable to the Chicago, St. Paul, and Fond du Lac Railroad Company, or its assigns, on the first day of January, 1877, at the American Exchange Bank, in the city of New York, with interest at the rate of eight per cent per annum, payable semi-annually, on the presentation of the interest warrants at that bank on the first day of each July and January, until the principal sum should be paid. Of the bonds in suit, with their respective coupons, Burton became the owner by written assignment from the railroad company, indorsed upon the bonds, under date of Nov. 16, 1857. None of the coupons have ever been detached from the bonds nor paid, except those maturing July 1, 1857, and Jan. 1, 1858.

The coupons are all alike except as to dates of maturity. They are complete instruments, capable of sustaining separate actions, without reference to the maturity or ownership of the bonds. *Commissioners of Knox County* v. *Aspinwall et al.*, 21 How. 539; *Clark* v. *Iowa City*, 20 Wall. 583; *Amy* v. *Dubuque*, 98 U. S. 470. The following is a copy of the one last due: " The town of Koshkonong will pay to the holder hereof, on the first day of January, 1877, at the American Exchange Bank, in the city of New York, forty dollars, being for half-yearly interest on the bond of said town No. 22, due on that day. S. R. Crosby, clerk."

The main question is whether the action, as to coupons maturing more than six years prior to its commencement, is not barred by the Statutes of Limitation of Wisconsin. The court

below being of opinion that no part of plaintiff's demands was barred, gave judgment for the principal of the bonds, with interest from the first day of January, 1877, at the stipulated rate of eight per cent per annum until paid, and also for the amount of each coupon in suit, with interest from its maturity at the rate of seven per cent per annum, the latter being the rate established by the local law in the absence of a special agreement by the parties.

The present writ of error questions the correctness of that judgment, as well because it overrules the defence of limitation to coupons maturing more than six years before the commencement of this action, as because it allows interest upon the amount of each coupon from its maturity.

The statutes of Wisconsin, in force when the bonds and coupons were issued, provided that " all actions of debt founded upon any contract or liability, not under seal " (except such as are brought upon the judgment or decree of some court of record of the United States, or of a State or Territory of the United States), shall be commenced within six years after the cause of action accrued, and not afterwards; and that all personal actions on any contract, not otherwise limited by the laws of the State, shall be brought within twenty years after the accruing of the cause of action. Rev. Stat. Wis. 1849, sects. 14–22, pp. 644, 645.

We remark that the foregoing provisions, without substantial change of language, were taken from the statutes of the Territory of Wisconsin, adopted in 1839. Further, that the revision of 1849 did not, in terms, prescribe any limitation to actions upon sealed instruments. They were, therefore, embraced by the limitation of twenty years as to personal actions on contracts not covered by other provisions.

The revision of 1849 was superseded by one made in 1858, which went into operation on the first day of January, 1859. By the latter, as modified by an act passed in 1861, civil actions, other than for the recovery of real property, were required to be commenced within the following periods: Actions upon judgments or decrees of courts of record of the State, and actions upon sealed instruments when the cause of action accrued in the State, within twenty years (Rev. Stat. Wis. 1858,

c. 138, sect. 15); actions upon the judgments or decrees of courts of record of any State or Territory of the United States or of courts of the United States, and actions upon sealed instruments, when the cause of action accrued out of the State, within ten years (sect. 16); and actions upon contracts, obligations, or liabilities, express or implied, excepting those mentioned in sects. 15 and 16, within six years, the time to be computed, in each case, from the date where the cause of action accrued. Gen. Laws Wis. 1861, p. 302. The revision of 1858 also contained the general clause that, " in any case where a limitation or period of law prescribed in any of the acts hereby repealed [which included the revision of 1849], for the acquiring of any right or barring of any remedy, or for any other purpose, shall have begun to run, and the same or any similar limitation is prescribed, in the Revised Statutes, the time of limitation shall continue to run, and shall have the like effect, as if the whole period had begun and ended under the operation of the Revised Statutes." Id., c. 191, sect. 13, p. 1038.

Thus stood the law of the State until the ninth day of March, 1872, — a little over fifteen years after these bonds and coupons were issued, — when an act was passed entitled " An Act to limit the time for the commencement of action against towns, counties, cities, and villages on demands payable to bearer." It provided that " no action brought to recover any sum of money, on any *bond, coupon, interest warrant,* agreement, or promise in writing, made or issued by any *town, county, city,* or *village,* or *upon any instalment of the* principal or *interest thereof,* shall be maintained in any court, unless such action shall be commenced within six years from the time when such sum of money has or shall become due, when the same has been or shall be made payable to bearer, or to some person or bearer, or to the order of some person, or to some person or his order: *Provided,* that any such action may be brought within *one year after this act shall take effect: Provided further,* that this act shall in no case be construed to extend the time within which an action may be brought under the laws heretofore existing." Gen. Laws Wis. 1872, p. 56.

Our attention has also been called to certain sections in the revision of the statutes of Wisconsin of 1878, which went into

operation on the first day of November of that year, superseding that of 1858, as well as the act of 1872. Those sections contain, in substance, the clauses first quoted from the revision of 1858, with the modifications made by the act of 1872. Rev. Stat. Wis. 1878, pp. 1015, 1016. It is to be observed in this connection — for it has some bearing upon what we shall presently say — that sect. 4220 of the revision of 1878, in terms, prescribed twenty years as the limitation for " an action upon a *sealed* instrument when the cause of action accrues within this State, except those mentioned in sect. 4222 ; " while the latter section embraces, among others, " an action upon any bond, coupon, interest warrant, or other contract for the payment of money, whether sealed or otherwise, made or issued by any town, county, city, village, or school district in this State," — thus indicating that the framers of the revision of 1878 regarded municipal securities for the payment of money as belonging to the class of sealed instruments. We observe, also, that the revision of 1878 contains a provision in reference to those cases in which limitation had commenced to run, similar to that already quoted from the revision of 1858. Rev Stat. 1878, sect. 4984 ; Rev. Stat. 1858, p. 1038.

From the foregoing summary it will be seen that by the local law, when the bonds in suit were issued, all civil actions for debt, founded on contract or liability, not under seal (except actions upon judgments or decrees of some court of record of the United States, or of a State or Territory), could be brought within six years after the cause of action accrued, and not afterwards ; while such actions, if founded on contract or liability, under seal, would not be barred until twenty years after the cause of action accrued. If, as contended by plaintiff, the question of limitation is to be determined exclusively by the revision of 1849, in force when the bonds were issued, and if, as is further insisted, an action on municipal bonds and coupons, such as are here in suit, is, within the meaning of that revision, " founded on contract or liability not under seal," it is clear that, without reference to the statute of 1872, this action is barred as to all coupons maturing more than six years before its commencement, whether such coupons were separated or not from the bonds to which they were originally attached.

This, upon the authority of *Amy* v. *Dubuque* (98 U. S. 470), with the doctrines of which we are entirely satisfied. We there said, construing the statutes of Iowa, upon the subject of limitation, that suits upon unpaid coupons, such as those in suit, might be maintained in advance of the maturity of the principal debt; that " upon the non-payment at maturity of each coupon the holder had a complete cause of action. In other words, he might have instituted his action to recover the amount thereof at their respective maturities. From that date, therefore, the statute commenced to run against them. .·. . Upon principle, his failure or neglect to detach the coupon and present it for payment at the time when, by contract, he was entitled to demand payment could not prevent the statute from running."

But we are inclined to the opinion — although uninformed upon the subject by any direct decision of the Supreme Court of the State to which our attention has been called — that municipal bonds and coupons were regarded by the framers both of the revision of 1849 and that of 1858, as, alike, sealed instruments to which the limitation of twenty years was applicable. The word " bond " at common law (and even now as a general rule) imports a sealed instrument. And although, under some circumstances, a municipal corporation issuing and delivering bonds and coupons, in aid of railroad enterprises, may be liable thereon, notwithstanding they are unattested by its corporate seal, we are satisfied that the legislature of Wisconsin intended, by the revision of 1849, as well as that of 1858, to prescribe the same limitation for actions upon such obligations as was, in terms, prescribed for actions upon what, technically or in common legal parlance, are denominated sealed instruments.

If this interpretation of the revision of 1849 and 1858 be correct, it would follow that this action was not, at the passage of the act of 1872, barred by limitation as to any of the coupons in suit. Twenty years had not then expired from the maturity of any of them.

It remains now to inquire as to the effect of the act of 1872 upon municipal obligations executed and outstanding at the date of its passage. Of the object of that statute there cannot,

it seems to us, be any reasonable doubt. The specific reference to coupons and interest warrants made or issued by towns, counties, cities, and villages, without distinguishing such as are sealed from those unsealed, and the express requirement as to the time within which actions thereon must be brought or be barred, indicates a purpose upon the part of the legislature to reverse the policy which had been pursued, by holders of such securities, of postponing the collection of interest coupons until after the bonds, to which they were annexed, had matured, — a delay which had the effect, in some instances, of compelling municipal corporations to meet, all at once, a large indebtedness, which the legislature intended, at least as to the interest accruing thereon, should be provided for in instalments or through a series of years. Whatever considerations, however, may have suggested that legislation, it is clear that its object was such as we have indicated.

We are here met with the argument that the act of 1872, neither in terms nor by necessary implication, applies to any municipal obligations, except those " payable to bearer, or to some person or bearer, or to the order of some person, or to some person or his order ; " whereas, the bonds in suit are payable to the railroad company *or its assigns*, and the coupons are payable to the *holder* thereof. Waiving any expression of opinion as to whether the phrases " payable . . . to the order of some person," or " payable . . . to some person or his order," do not, upon a reasonable construction of the act, embrace the case of a bond payable to a railroad company or its assigns, — a question which need not be determined, since it is conceded that the action, as to the principal of the bonds, is not, in any view of the case, barred by limitation, — we are of opinion that a coupon, payable to the holder thereof, is, within the meaning of the act, and, according to the usages of the commercial world, payable to bearer. Consequently the suit, as it respects interest coupons, is embraced by the terms of the act of 1872.

But the further contention of plaintiff's counsel is, that the act of 1872 is unconstitutional as impairing the obligation of the contract between the town and the holders of its securities. This objection is founded upon the proviso, which declares

that " any such action [of the class specified in the act] may be brought [only] within one year " after the act takes effect. While that proviso is very obscurely worded, its meaning is, that no action to recover money due upon a municipal bond, coupon, interest-warrant, or written agreement or promise, or upon any instalment of the principal or interest thereof, whether such obligations were issued before or after the passage of the act, should be maintained, unless brought within six years (not from the passage of the act, but) from the time the money sued for became due; except — and no other exception is made — that when the six years from the maturity of any past-due bond or coupon would expire within less than a year after the act passed, the action should not be barred, if brought within that year. It was undoubtedly within the constitutional power of the legislature to require, as to existing causes of action, that suits for their enforcement should be barred unless brought within a period less than that prescribed at the time the contract was made or the liability incurred from which the cause of action arose. The exertion of this power is, of course, subject to the fundamental condition that a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of an action before the bar takes effect. *Terry* v. *Anderson*, 95 U. S. 628; *Hawkins* v. *Barney's Lessee*, 5 Pet. 457; *Jackson* v. *Lamphire*, 3 id. 280; *Sohn* v. *Waterson*, 17 Wall. 596; *Christmas* v. *Russell*, 5 id. 290; *Sturges* v. *Crowninshield*, 4 Wheat. 122; *Osborn* v. *Jaines*, 17 Wis. 573; *Parker* v. *Kane*, 4 id. 1; *Falkner* v. *Donman*, 7 id. 388. Whether the first proviso in the act of 1872, as to some causes of action, especially in its application to citizens of other States holding negotiable municipal securities, is or not in violation of that condition, is a question of too much practical importance and delicacy to justify us in considering it, unless its determination be essential to the disposition of the case in hand. And we think it is not. For if the proviso, in its application to some cases, is obnoxious to the objection that it does not allow sufficient time within which to sue before the bar takes effect, and is, therefore, unconstitutional, as impairing the obligation of the contract between the town and its existing creditors, it

does not follow that the entire act would fall and become inoperative. The result, in such case, would be, that the plaintiffs and other holders of the coupons would have not simply one year, but — under the construction we have given to the statutes in force prior to the act of 1872 — to a reasonable time after its passage within which to sue. And if a proper construction of that act would give the full period of six years, after its passage, within which to sue upon coupons maturing before its passage, the judgment below cannot be sustained. For this action was not instituted until more than eight years after the passage of the act of 1872. It is, consequently, barred by limitation as to all coupons falling due (and, therefore, collectible by suit without reference to the maturity of the bonds) more than six years prior to its commencement. The bar was complete more than six years before the revision of 1878 took effect, even if that revision should be deemed to have any application to this action. There is no escape from this conclusion, unless we should hold that the legislature could not, constitutionally, reduce limitation from twenty to six years as to existing causes of action. But neither upon principle nor authority could that position be sustained.

The question next to be considered relates to that portion of the judgment allowing interest upon the amount of each coupon from its maturity.

The general proposition suggested by this question seems to have been determined, in 1865, in *Mills* v. *Town of Jefferson,* 20 Wis. 50. That was a suit upon interest coupons attached to bonds issued by a municipal corporation to a railroad company, under the authority of an act passed in the year 1857. The coupons were similar to those here in suit. While recognizing the fact that many courts of high authority had disallowed interest upon interest, the Supreme Court of Wisconsin expressed its approval of those cases in which it was adjudged that an express agreement in a note or bond to pay interest at a specified time, as annually or semi-annually, entitled the holder to interest upon interest from the time it became due: "For," said the court, "when a person agrees to pay interest at a specified time, and fails to keep his under-

taking, why should he not be compelled to pay interest upon interest from the time he should have made the payment? If he undertakes to pay in a sum at a given time to the owner, and makes default, the law allows interest on the sum wrongfully withheld from the time he should have made such payment." To the same effect is *Pruyn* v. *The City of Milwaukee* (18 Wis. 367), where, without question, so far as we can gather from the report of the case, interest upon interest was given upon the amount of coupons from their respective maturities. We remark, in this connection, that among the authorities cited by the State court in *Mills* v. *Town of Jefferson*, in support of its conclusion, is *Gelpcke* v. *City of Dubuque* (1 Wall. 175), where it was said (the suit being upon coupons of municipal bonds) that, "if the plaintiffs recover in this case, they will be entitled to the amount specified in the coupons, with interest and exchange as claimed." In harmony with this view are *Aurora City* v. *West*, 7 Wall. 82, *Town of Genoa* v. *Woodruff*, 92 U. S. 502, *Amy* v. *Dubuque*, 98 id. 470, and *Walnut* v. *Wade*, 103 id. 683.

Another question arises upon this branch of the case. The law of Wisconsin, as declared in *Mills* v. *Town of Jefferson*, remained, without attempt to change it, until March 3, 1868, when an act was passed entitled "An Act to *construe* sections one and two of chapter 160 of the General Laws of 1859, and to amend section 2 of said chapter." Its first and second sections are as follows: —

"1. It was and is the true intent and meaning of sections one and two of chap. 160 of the General Laws passed in the year 1859, and of all other laws heretofore enacted in the State prescribing and limiting the rate of interest, that interest should not be compounded or bear interest upon interest, unless an agreement to that effect was clearly expressed in writing, and signed by the party to be charged therewith.

"2. Section 2 of chap. 160 of the General Laws of 1859 is hereby amended by adding thereto the following: 'And in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall the interest thereon be construed to bear interest.'" Gen. Laws Wis. 1868, pp. 62, 63.

In the Revised Statutes of 1878 the following provision appears : —

"SECT. 1689. . . . And in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall interest thereon be construed to bear interest, unless an agreement to that effect is clearly expressed in writing, and signed by the party to be charged therewith."

It is contended that the foregoing enactments govern the present case, and preclude recovery of interest upon the amount of the respective coupons from their maturities. In this view we do not concur. By the first section of the act of 1868, the legislature assumed to declare what was the true intent and meaning of previous legislation prescribing and limiting the rate of interest. It was said by Chancellor Walworth, in *Salters* v. *Tobias* (3 Paige (N. Y.), 338, 344), that, "in England, where there is no constitutional limit to the powers of Parliament, a declaratory law forms a new rule of decision, and is valid and binding upon the courts, not only as to cases which may subsequently occur, but also as to pre-existing and vested rights. But even then the courts will not give it a retrospective operation, so as to deprive a party of a vested right, unless the language of the law is so plain and explicit as to render it impossible to put any other construction upon it. In this country, where the legislative power is limited by written constitutions, declaratory laws, so far as they operate upon vested rights, can have no legal effect in depriving an individual of his rights, or to change the rule of construction as to a pre-existing law. Courts will treat such laws with all the respect that is due to them as an expression of the opinion of the individual members of the legislature as to what the rule of law previously was. But beyond that they can have no binding effect ; and if the judge is satisfied the legislative construction is wrong, he is bound to disregard it." When counsel, in *Ogden* v. *Blackledge* (2 Cranch, 272, 277), announced that, to declare what the law is, or has been, is a judicial power, to declare what the law shall be is legislative, and that one of the fundamental principles of all our governments is that the legislative power shall be separate from

the judicial, this court interrupted them with the observation that it was unnecessary to argue that point. Prior to the passage of the act of 1868, the highest judicial tribunal of the State had adjudged, that when a sum was to be paid at a specified time as interest, that sum bore interest from that time until paid. This was an adjudication as to what was the local law in that class of cases. And the utmost effect to be given to a subsequent legislative declaration, as to what was the proper meaning of the statutes which had thus been the subject of judicial construction, would be to regard it as an alteration of the existing law in its application to future transactions, especially where, as was the case in the act of 1868, that declaration was accompanied by a distinct provision, in terms, changing the pre-existing law. In *Stockdale* v. *Insurance Company* (20 Wall. 331), this court, speaking by Mr. Justice Miller, said, that " both on principle and authority it may be taken to be true, that a legislative body may, by statute, declare the construction of previous statutes so as to bind the courts in reference to all transactions occurring after the passage of the law, and may, in many cases, thus furnish the rule to govern the courts in transactions that are past, provided no constitutional right of the party concerned is violated." Sedgwick, Contr. Stat. and Const. Law (2d ed.), pp. 214, 227; Cooley, Const. Lim. 93, 94. It is clear, therefore, that neither the act of 1868 nor the provision quoted from the revision of 1878, which is but a continuation of the second section of the act of 1868, can be deemed applicable to the case before us. The contract between the town and the holders of its securities was entered into prior to those enactments, and the rights of the parties must necessarily be determined by the law as it was when the contract was made. It was not within the constitutional power of the legislature to take from the plaintiff his right, whether arising on express or implied contract, to interest upon interest, if, when the coupons were executed and delivered, he, or the then holder thereof, had such right, under the law of the State.

Without pursuing the case further, it is sufficient to say that we do not concur with such of the views of the learned district judge as are inconsistent with those here announced. The

judgment must be reversed, with directions to enter judgment in behalf of plaintiff for the amount of the bonds, with interest at the stipulated rate, from their maturity until paid (*Spencer* v. *Maxfield*, 16 Wis. 185; *Pruyn* v. *City of Milwaukee, supra*), and also for the respective amounts of those coupons only which fell due within six years preceding the commencement of this action, with interest thereon at the rate established by the law of the State; and it is

*So ordered.*

MR. JUSTICE GRAY did not sit in this case.