## DREXEL STATE BANK v. CITY OF LA MOURE.

### (District Court, D. North Dakota, S. D.    August 28, 1913.)

1. **Municipal Corporations** (§ 901*)—**Improvement Warrants**—**Interest.**

    Rev. Codes N. D. 1905, § 2786, provides that special assessments levied for sewers, street paving, and water mains shall constitute a fund for the payment of the cost of the improvement; that, in anticipation of the levy and collection of such assessments, the city may issue warrants on such funds, payable at specified times, which warrants shall bear interest at not to exceed 7 per cent. per annum, and may have coupons attached representing each year's interest.    Section 6564 provides that the detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation with interest; and section 5510 provides that interest for any legal indebtedness shall be 7 per cent. unless a different rate is contracted for, and that all contracts shall bear the same rate of interest after they become due as before, unless it clearly appears therefrom that such was not the intention.    *Held*, that warrants on special assessment funds and interest coupons attached thereto draw interest from maturity and, if no rate is named in the instruments themselves, at the rate of 7 per cent.; there being no statute making sections 5510 and 6564 inapplicable to such warrants.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1886; Dec. Dig. § 901.*]

2. **Municipal Corporations** (§ 901*)—**Improvement Warrants**—**Interest.**

    Under Rev. Codes N. D. 1905, § 2786, authorizing the issuance of warrants on special assessment funds in anticipation of the levy and collection thereof, and providing that it shall be the duty of the city treasurer to pay such warrants and coupons as they mature and are presented/for payment, out of the funds on which they are drawn, where, at the time of the maturity of the warrants and coupons, there were in the hands of the treasurer of the city moneys belonging to the funds on which they were drawn, which had been paid by property owners prior to assessment, which fact was not known to the holder of the warrants and coupons, and the city's officers led such holders to believe that no funds were available for their payment, and there were some negotiations looking to the issuance of warrants to take up those in question, the failure of the holder to present the warrants and coupons for payment did not prevent the subsequent accrual of interest thereon.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1886; Dec. Dig. § 901.*]

Action by the Drexel State Bank against the City of La Moure. Judgment for plaintiff.

Watson & Young, of Fargo, N. D., for plaintiff.
W. J. Hughes, of La Moure, N. D., for defendant.

YOUMANS, District Judge.    This is a suit by the plaintiff on warrants and interest coupons attached thereto, drawn on special assessment sewer and water main funds.    Written stipulation waiving a jury has been filed, and the cause has been submitted to the court upon an agreed statement of facts.    The only points in controversy are: (1) Whether the warrants and interest coupons draw interest after maturity; and (2) if so, whether in this case, in order to draw interest, they should have been presented for payment at maturity.

[1] The warrants and interest coupons in question were issued under authority of section 2786 of the Revised Codes of North Dakota of 1905. That section reads as follows:

"All special assessments levied under the provisions of this article shall constitute a fund for the payment of the cost of the improvement for the payment of which they are levied, and shall be diverted to no other purpose, and those for payment of sewer improvements shall be designated respectively 'Sewer District No. ――――― Fund,' and such fund shall be numbered according to the number of the sewer district in which it is raised. Those collected for paving improvements shall be designated as 'Paving District No. ――――― Fund,' and such fund shall be numbered according to the paving district in which it is raised; and those levied for the payment of water mains shall be known as 'Water Main District No. ――――― Fund,' and such fund shall be numbered according to the number of the water main district in which it is raised, and in anticipation of the levy and collection of such special assessments the city may, at any time after the making of a contract for any such improvements, issue warrants on such funds, payable at specified times, and in such amounts as, in the judgment of the city council, the taxes and assessments will provide for, which warrants shall bear interest at the rate of not to exceed seven per cent. per annum, payable annually, and may have coupons attached representing each year's interest. Such warrants shall state upon their face for what purpose they are issued, and the fund from which they are payable, and shall be signed by the mayor, and countersigned by the city auditor under the seal of the city, and be in denominations of not more than one thousand dollars each. Such warrants may be used in making payments on contracts for making such improvements or may be sold for cash, at not less than the par value thereof, and the proceeds thereof credited to such fund, and used for paying for such improvements. It shall be the duty of the city treasurer to pay such warrants and interest coupons as they mature and are presented for payment, out of the district funds on which they are drawn, and to cancel the same when paid."

The warrants referred to in the section above quoted are a special class of warrants essentially different from the municipal warrants referred to in sections 2708 and 2709, Revised Codes of 1905. In the former interest is provided for at the time of the execution of the warrants by attaching coupons thereto. In the latter there is no fixed date for payment, and presentation and nonpayment are necessary in order that interest may attach and run.

Section 6564 provides that:

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation with interest thereon."

Section 5510 provides that:

"Interest for any legal indebtedness shall be at the rate of seven per cent. per annum, unless a different rate is contracted for in writing and all contracts shall bear the same rate of interest after they become due as before, unless it clearly appears therefrom that such was not the intention of the parties."

There is no statute of North Dakota making the two foregoing sections inapplicable to warrants issued against special assessment funds. The rule is that interest coupons draw interest from maturity. Gelpcke v. Dubuque, 1 Wall. 175, 17 L. Ed. 520; Genoa v. Woodruff, 92 U. S. 502, 23 L. Ed. 586; Amy v. Dubuque, 98 U. S. 473, 25 L. Ed. 228; Koshkonong v. Burton, 104 U. S. 668, 26 L. Ed. 886. There-

fore, in the absence of a statute in North Dakota changing the general rule, warrants and interest coupons payable out of special assessment funds draw interest from maturity, and, if no rate is named in the instruments themselves, the rate will be 7 per cent. per annum.

[2] At the time of the maturity of the warrants and coupons in question, there were in the hands of the treasurer of defendant some moneys belonging to these two funds. These amounts had been paid by property owners prior to assessment, and the fact that such payments had been voluntarily made before assessment was not known to plaintiff or its agents. It cannot therefore be charged with notice that funds were available for the payment of the warrants and coupons held by it. The agreed statement of facts shows that plaintiff and its agents were led to believe by defendant's officers that no funds were available for the payment of its warrants and coupons, and for that reason they were not presented to the treasurer. The agreed statement of facts further shows that there were negotiations between plaintiff and defendant's officers looking to the issuance of refunding warrants to take up some, at least, of the warrants involved in this suit. Having that belief, induced by the representations made by defendant's own officers, it cannot be said that it was incumbent upon plaintiff to present its warrants and coupons for payment. Moreover, it appears from the agreed statement of facts that no money was held by the treasurer of defendant for the redemption of the warrants and coupons held by plaintiff. Defendant's funds available for the payment of these warrants and coupons were paid out promptly, after they were received, upon other obligations.

Judgment will therefore be entered for interest accrued after the maturity of the warrants and coupons.