2. Conservation of our food products is second in importance only to demand for pure and unadulterated food. An efficient and harmless method of preserving fruit is in the direct interest of the public. If method has accomplished that object without change of product it should be encouraged rather than condemned. The purpose of the Food and Drug Act is to prevent injury to public health by the sale and transportation in interstate commerce of misbranded and adulterated foood, 232 U. S. 399, and the burden is upon the government to prove this violation. This cider is not misbranded within the meaning of the Food and Drug Act.

3. The lower court based its opinion in part upon judicial knowledge that nothing is apple cider unless it is pressed from fresh apples. This was an inference wholly inconsistent with the facts here conceded.

Attorneys—L. C. Spieth (White, Cannon and Spieth on brief), for Douglas Packing Co.; E. S. Wertz and G. J. Pilliod, for U. S.; Judson Harmon and G. Hoadly, amici curise.

---

No. 657

B. & O. R. R. CO. v. DE LEONE

U. S. Appeals, 6th Circuit

No. 3750. Decided May 8, 1923

259. MUNICIPAL LAW.

Effect of ordinance regulating speed of train in interstate commerce. Ordinance regulating speed of automobiles (47) and R. R. trains (311) held not violation of statute requiring ordinance to contain only one subject. Negligence (268)—Contributory negligence of truck driver at R. R. crossing held question for jury (367).

DONAHUE, C. J.:

Epitomized Opinion

DeLeone, adm. of estate of Mandalia, sued R. R. Co. in Portage County Common Pleas for causing wrongful death of Mandalia. On petition of R. R. ause was removed to U. S. District Court. Mendalia as driving an automobile truck south on Chestnut street in Ravenna, Ohio. This street is crossed at grade at right angles by two main tracks and two switch tracks of B. &. O. R. R. R. R. Co.'s eastbound passenger train No. 10 collided at this crossing with truck driven by deceased. causing injuries which resulted in his death.

Petition averred that R. R. Co. was negligent in failing to sound whistle or bell and in operating its train over this crossing at an excessive rate of speed in violation of an ordinance of Ravenna. R. R. Co. nied engligence and averred Mendalia was guilty of contributory negligence. R. R. Co.'s requested charge, that train was engaged in interstate commerce and carrying U. S. mail, and Ravenna ordinance is undue burden on interstate commerce and violation thereof by such a train was not negligence, was refused, and exceptions noted. Judy returned a verdict for plaintiff, motion for a new trial was overruled, and judgment entered on the verdict. R. R. prosecuted error. In affirming the judgment the Court of Appeals held:

1. An ordinance regulating the speed of trains through a municipality enacted under the exercise of police power which conforms to the limitations prescribed by the legislature, is presumptively reasonable and valid and not in conflict with the state or federal constitution. But the presumption may be rebutted an din order to overcome such presumption a R. R. Co. must affirmatively show its unreasonableness, 103 O. S. 471 and 178. The R. R. Co. has not challenged the reasonableness of the speed limit fixed by the ordinance.

2. This ordinance which regulates the speed of automobiles and R. R. Trains is not a violation of GC. 4226, requiring that an ordinance shall contain but one subject, because it is an ordinance regulating speed and the fact that it regulates the speed of more than one vehicle is of no importance. It might have included a dozen other vehicles, if there were such vehicles requiring regulation. 75 O. S. 413.

3. The evidence in this case disclosed such a condition of the crossing, particularly in reference to obstructions to view, which taken in connection with the evidence in relation to the speed at which this train was traveling, that the alleged contributory negligence of the deceased does not appear therefrom as a matter of law, but on the contrary was a question for the determination of the jury. 94 O. S. 93, 103; 103 O. S. 471, 482.

Attorneys—C. F. Smith (Harrington, Deford, Huxley & Smith, on brief, for R. R.; L. H. Winch (Payer, Winch, Minshall & Karch, on brief), for De Leone.

---

# DISTRICT COURTS of U. S.

No. 658

U. S. v. SALBERG

U. S. District Court, N. D. Ohio, E. D.

No. 7348. Decided February 13, 1923

341. STATUTES.

Indictment under Selective Service Act. Joint resolution of Congress held only an expression of opinion and not equivalent to enactment of law. Constitutional Law (233).—Legislature (105) cannot determine meaning of existing law.

WESTENHAVER, D. J.:

Epitomized Opinion

Salberg was indicted for failure to register as required by the Selective Service Act of May 18, 1917, on June 5, 1917. The Selective Service Act makes it an offense for any person thus required to register to wilfully fail or refuse to present himself for registration or to submit thereto as required by the act. The offense is declared to be a misdemeanor punishable by imprisonment for not more than one year. No limitation upon a prosecution is provided by that act. The Statute of Limitations, Secc. 1708 U. S. Comp. Stat., as amended by Act Nov. 17, 1921, provides no person shall be prosecuted, tried or punished for any offense unless didictment is found within three years after such offense is committed. The amendment extended the period of limitation to six years with respect to offenses involving the defrauding or attempting to defraud the U. S. of any agency thereof. It also provides that it shall not apply to offenses already barred by the provisions of existing laws. The indictment of Salberg was not found until Dec. 20, 1922. The three year period expired June, 1920. The U. S. pleaded a joint resolution of Congress approved March 8, 1922. This resolution declared that certain acts and resolutions

# District Courts of U. S.

### Concluded

of Congress shall not terminate before the expiration of three years after date of President's Proclamation of Peace, or effect the amenability to prosecution and trial of any person who shall wilfully fail or refuse to comply with requirements of the Act of May 8, 1917. Salberg demurred to the indictment. In sustaining the demurrer the court held:

1. As Salberg is charged with violating the Selective Service Act on June 5, 1917, prosecution of the offense, charged was barred not later than June, 1920. The indictment was not found until Dec. 20, 1922. The amendment of Nov. 17, 1921, to the applicable Statute of Limitations does not apply to this case because the Statute of Limitations had fully run.

2. A joint resolution declaring that previous acts shall not be construed in a certain way is only the expression of an opinion as to what they may mean and is not equivalent to an enactment of law with a retroactive effect.

3. A legislature may enact a law and if not forbidden by the Constitution may make it apply ex post facto or retroactively. But the legislature may declare what the law shall be, but not what it was. 104 U. S. 668.

Attorneys—H. C. Pontius, for Salberg; G. J. Pilliod, for U. S.

# Superior Court of Cincinnati

### No. 659
### BERRYMAN v. KLEIN

Superior Court of Cincinnati
No. 58740. July 21, 1823

### 268. NEGLIGENCE.

Facts establishing contributory negligence— Automobile (47) accident—Uncertainty of identity (172).

MAX, J.

#### Epitomized Opinion

Action by plaintiff who contended she was struck by defendant's automobile. Defendant denied that his automobile struck plaintiff. The evidence was that defendant's car was seen approaching the place of the accident shortly before plaintiff was struck an dthat the machine which struck plaintiff resembled defendant's automobile, and that defendant was found driving away from the place where plaintiff had been struck a few minutes before.

Plaintiq was standing in the road east of a street car track which ran along the west side of the road waiting for a car to approach from the north. Plaintiff knew that she was hit but did not know what hit her. Verdict for plaintiff. On motion for new trial, held:

In view of the doubt as to the identity of the automobile which struck the plaintiff. and the negligence of plaintiff in needlessly standing on the wrong side of the street car track in the traveled portion of the road without watching for the approach of vehicles, the verdict will be set aside on the ground that it is not sustained by sufficient evidence and a new trial will be granted.

Appearances—Sidney Adler and Albert Stern, for plaintiff; Chas. P. Taft II, for defendant.

# Ohio Court of Appeals

### No. 660

### DIVER v. BELOIT (Village)

Ohio Appeals, Sixth District, Mahoning County
Decided March 23, 1923

### 273. NUISANCE.

Village (259) liable for acts of its residents in polluting stream.

ROBERTS, J.

#### Epitomized Opinion

A stream flowed from defendant Village across plaintiff's land. Residents of the Village constructed drains along some of the streets of the Village with the result that the stream was made offensive and plaintiff was damaged. The trial court directed a verdict for defendant on the ground that the Village was nto a party to the pollution. Plaintiff excepted and brought error to this court. Held by the Court of Appeals:

It was the statutory duty of defendant Village to keep its streets open. in repair and free from nuisance and such condition as is complained of by plaintiff constitutes a nuisance and creates a liability for damages resulting therefrom. The case is reversed and remanded.

Attorneys—K. L. Coburn, for Diver; Harrington DeFord Huxley & Smith, for Village.

### No. 661

### SAFE CABINET CO v. GLOBE WERNICKE CO.

Ohio Appeals, First District, Hamilton County
No. 5773. June 15, 1923

### 91. COMMERCE.

Unfair Completition (363)—Defendant must account (6) for all profits unlawfully gained—(1) Patents (285)—(2) Interest (221) allowable—(3) Taxing accountant's expense as costs(116).

ALLREAD, J.

#### Epitomized Opinion

Action upon a charge of unfair trade and competition in the manufacture and sale of a certain steel cabinet safe similar to one manufactured and sold by plaintiff. On appeal from decree for defendant in Common Pleas the Court of Appeals awarded an injunction against defendant and appointed a Master Commissioner to state an accounting. On error proceedings to the Supreme Court the judgment of the Court of Appeals was affirmed with modifications. At request of plaintiff an order was made directing Ernst & Ernst, expert accountants, to state an account of the profits realized by defendant. Subsequently, at request of defendant, Roden & Hart, public accountants, also made report upon said accounting.

The Master then proceeded to state the account, finding in favor of plaintiff in the amount of $113,526.18. The case is now before this court upon exceptions of both plaintiff and defendant to certain features of the accounting and the motion of plaintiff to confirm the report. The differences arise as to three items: (1) Claim of defendant for $17,778 45 of legal expenses in patent litigation; and (2) $30,464.93 as interest on capital invested; and (3) plaintiff's claim to have the costs of Ernst & Ernst's accounting taxed as costs i nthe case. All these were disallowed by the Master. Held: