## Campbell-Ewald Co., Inc., v. Aldine Trust Co.

*Kirchner, Mitchell & White,* for plaintiff; *C. S. Wesley,* for defendant.

KIRKPATRICK, Dist. J., Jan. 16, 1929.—This is a suit against a Pennsylvania trust company upon an alleged contract of guaranty of an account. The case is before the court upon an affidavit of defense which admits the facts pleaded, but raises the issue of law that they do not constitute a legal cause of action. Two separate questions are involved.

The first question is whether the defendant trust company is authorized by its charter to enter into contracts of guaranty. The defendant contends that it is not, and raises the defense that the contract is *ultra vires,* and, therefore, unenforceable.

The defendant was incorporated under the general corporation laws of the State of Pennsylvania in force at the date of its incorporation. The original Corporation Act of 1874 did not authorize the incorporation of trust companies as such. Paragraph 29, section 19, of that act, however, provided for the incorporation of title insurance companies. By the subsequent Acts of 1881 and 1889, the powers of such companies were greatly enlarged so as to permit them to do a general trust company business, and under these statutes the defendant company was incorporated. Subsequently its powers were somewhat enlarged by the Acts of May 29, 1895, P. L. 127, and May 9, 1923, P. L. 173. The Act of 1889, referred to above, provides that title insurance companies shall have power, among other things, "To act as security for the faithful performance of any contract entered into with any person, or munici-

pal or other corporation, or with any state or government, by any person or persons, corporation or corporations." Under this provision, the defendant would have the power to enter into a contract of guarantee such as that which is the basis of this suit, unless such power has been taken away by subsequent legislation.

The defendant relies on the Act of May 16, 1923, P. L. 248, which provides, *inter alia,* that "no bank shall become surety on any bonds. . . ." Whether this act applies to title insurance companies incorporated under the laws above referred to and functioning as trust companies need not be here decided, because it must be obvious that a simple contract guaranteeing an open account is not a bond. "The word 'bond' at common law (and even now as a general rule) imports a sealed instrument:" Koshkonong *v.* Burton, 104 U. S. 668, 673. It may be that subsequent judicial usage has somewhat widened the scope of the common law definition, but it is certain that the concept involved requires some degree of formality. While courts will sometimes extend the literal meaning of words of a statute in order to accomplish what they think is the purpose of the legislation or to avoid illogical consequences, we do not think that any rule of interpretation would permit us to hold that the informal interchange of telegrams and letters in this case constituted a bond within the meaning of the act.

The second question involved in the case is whether or not the letters and telegrams passing between the parties constitute a memorandum sufficient to comply with the statute of frauds. The statement of claim alleges, first, a verbal arrangement entered into between May 1 and May 18, 1927, by which the defendant agreed with the Everkeen Corporation to guarantee to the plaintiff, Campbell-Ewald Company, the Everkeen Corporation's account with it to the extent of $25,000. Thereafter, certain letters and telegrams passed between the plaintiff and the defendant, of which the following are essential portions:

May 18th, telegram, Campbell-Ewald to Aldine Trust Co. "Please confirm by wire and later by letter twenty-five thousand dollar Everkeen guarantee."

May 18th, telegram, Aldine Trust Co. to Campbell-Ewald "Twenty-five thousand guarantee Campbell-Ewald O. K."

May 18th, letter, Aldine Trust Co. to Campbell-Ewald. "We have just telegraphed you as follows: 'Twenty-five thousand dollars guarantee Campbell-Ewald Co. O. K. . . .'"

July 15, 1927, letter, Campbell-Ewald to Aldine Trust Co. ". . . We extended credit to Everkeen Corporation in the amount of $25,000.00, and expect that the Aldine Trust Company will abide by its written admission to us that the account was guaranteed in that amount."

July 18, 1927, letter, Aldine Trust Company to Campbell-Ewald Co. ". . . the guarantee has been withdrawn, it cannot be expected that a guarantee will continue indefinitely, and we feel that it is our privilege to withdraw at any time."

July 21, 1927, letter, Campbell-Ewald to Aldine Trust Co. ". . . The Aldine Trust Company, by wire and letter, guaranteed the account of the Everkeen Corporation to the extent of $25,000. . . ."

July 25, 1927, letter, Aldine Trust Company to Campbell-Ewald Company. ". . . I felt that we should get out from our guarantee, and I still feel that way. . . . I . . . must insist that there be no further credits under this guarantee. . . ."

The principles of law applicable to this correspondence are: First, that the terms of the contract need not all appear in a single writing if the separate

writings contain either express references to each other or internal evidence of their unity, relation and connection: 27 Corpus Juris, 262, and cases cited. Second, that where the agreement to guarantee the debt of another appears from the writing, it is not necessary that the whole arrangement and contract between the parties in any way connected with the guarantee be incorporated in the writing: Title G. & S. Co. v. Lippincott, 252 Pa. 112. Third, that the memorandum required by the statute of frauds may be made subsequently to the making of the contract itself and at any time before an action is brought on the contract. Fourth, that a letter incorporating terms of the contract by internal reference will bind the defendant, even though it disclaims responsibility or attempts to repudiate the contract.

In Howell v. Witman-Schwartz, 7 Fed. Repr. (2nd), 513, the Circuit Court of Appeals for the Third Circuit applied the principles above stated to a case so close on its facts to the one now before the court as to be dispositive of it, and held the memorandum sufficient.

The statutory demurrer is overruled and the defendant is directed to answer.